**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ralph T Reilly, | No. CV-18-03775-PHX-MTL |
|        Plaintiff, | **ORDER** |
| v. | |
| Steve Wozniak, et al., | |
|        Defendants. | |

Plaintiff Ralph T. Reilly ("Plaintiff" or "Reilly") filed suit against Steve Wozniak ("Wozniak") and three entities (Doc. 1 at 3). The case arises from Plaintiff's allegations that after he worked for years on—and obtained copyright protection for—his idea of the "Woz Institute of Technology," Wozniak and his co-Defendants formed "Woz U" without compensating Plaintiff. (*Id*. at 6.) Plaintiff alleges claims of breach of an implied-in-fact-contract, money had and received, copyright infringement, declaratory relief, and accounting.

Before the Court are two motions: Defendants' Motion to Dismiss Counts II, IV and V of Plaintiff's Complaint ("Defendants' Motion") (Doc. 46); and Defendant Steve Wozniak's Motion for Judgment on the Pleadings as to Count I of Plaintiff's Complaint ("Wozniak's Motion") (Doc. 58). Defendants' Motion is granted in part and denied in part; Wozniak's Motion is denied.[1]

---

[1] The Court believes that oral argument would not significantly aid the decisional process. *See* Fed. R. Civ. P. 78(b) (court may decide motions without oral hearing); LRCiv 7.2(f) (same).

## I. BACKGROUND

Plaintiff is an Assistant Professor of Management Information Systems at the Barney School of Business, University of Hartford. (Doc. 1 ¶ 3.) He alleges that on September 12, 2010, he emailed Wozniak, the co-founder of Apple Computers Inc., stating "I want to start a high tech university." (*Id.* ¶ 4; at 16.) Wozniak replied, "Great idea." (*Id.*) Wozniak also provided advice and noted "I'm too busy to do anything more." (*Id.*) Plaintiff claims that over the next two years, he and Wozniak took steps to develop the idea. For example, Plaintiff claims that he introduced Wozniak and Charter Oak State College, who ultimately executed a Personal Service Agreement for purposes of developing the "Woz School of Technology." (*Id.* ¶ 5.) Plaintiff also states that he met with Wozniak on March 25, 2011 to discuss the idea, at which time they "agreed to proceed with a 'deal' handshake depicted in a photograph[.]" (*Id.* ¶ 6.) Plaintiff also claims that Wozniak permitted him to proceed with potential investors in a November 21, 2011 email, stating "I figure it's your idea." (*Id.* ¶ 6, at 34.) Plaintiff created a website and logo for the project[2] (*Id.* ¶ 8; 46–58) and obtained copyright protection for the "graphic images, photographs, and tangible expressions" attached as Exhibit I to the Complaint. (*Id.* at 4, 59–76.)

Plaintiff alleges that on November 11, 2017, he learned that Wozniak entered into a business arrangement with Defendant Southern Careers Institute, Inc. ("SCI") to form "Woz U." (*Id.* ¶ 10.) Plaintiff states that Wozniak and SCI formed Woz U Education, LLC ("Woz Arizona") and Woz U Education Holdings, LLC ("Woz Delaware") to formalize Woz U business arrangements. Plaintiff emailed Wozniak to congratulate him on November 21, 2017. Wozniak responded on December 24, 2017, stating, "You are right on the mark. You had the right idea.… I doubt it would have happened without your initial idea." (*Id.* ¶ 14, at 91.)

Plaintiff filed the Complaint against Wozniak, SCI, Woz Arizona, and Woz Delaware (collectively, "Defendants") on November 3, 2018. It alleges that Defendants

---

[2] The Complaint states that this included an A+ Certification, Ethical Hacker Certification, Web Design and Development Certification, Network Security Certification, Network Administration Certification, and Could Essentials Certification. (*Id.* at 4.)

"used, applied, and exploited" Plaintiff's work, and infringed on his copyrighted work, in marketing and publicizing Woz U. (*Id.* ¶¶ 12, 13.) The Complaint alleges claims of breach of an implied-in-fact contract against Wozniak; and claims of money had and received, copyright infringement, declaratory relief, and accounting against all Defendants. (*Id.* at 7–11.) Plaintiff seeks damages of at least $1,000,000, disgorgement of Defendants' profits, an accounting, declaratory judgment, and attorneys' fees. (*Id.* at 13.)

Defendants, for their part, characterize the underlying events as follows: "Plaintiff tried, albeit unsuccessfully, t[o] market an online school using Defendant Steve Wozniak's name and likeness. Long after the Plaintiff failed in his attempts to do so, another group that was already operating an online school approached Wozniak with what would ultimately become WOZ U." (Doc. 54 at 2.) Defendants filed an Answer on January 16, 2019.[3] (Doc. 19.) Then, on May 13, 2019, Defendants filed the pending Motion to Dismiss Counts II, IV and V of the Complaint. (Doc. 46.) After briefing on Defendants' Motion was complete, Defendant Wozniak filed a Motion for Judgment on the Pleadings as to Count I. (Doc. 58.) Both motions are fully briefed; the Court will address them in turn.

## II.    LEGAL STANDARDS

### A.    Rule 12(b)(6)

To survive a motion to dismiss, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief" such that the defendant is given "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 545, 555 (2007) (quoting Fed. R. Civ. P. 8(a)(2); *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Dismissal under Rule 12(b)(6) "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). The Court must accept Plaintiff's material allegations as true and construe them in the light

---

[3] At no point in this case were Defendants instructed that they were required to file an Answer. (Doc. 16) (ordering that "Defendants WozU Education, LLC, and Woz U Education Holdings, LLC shall have until January 18, 2019 to file their Answer **or responsive pleading** to Plaintiff's Complaint (Doc. 1) (emphasis added))."

most favorable to Plaintiff. *North Star Int'l v. Arizona Corp. Comm'n*, 720 F.2d 578, 580 (9th Cir. 1983). A complaint should not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle it to relief." *Williamson v. Gen. Dynamics Corp.*, 208 F.3d 1144, 1149 (9th Cir. 2000). Review of a Rule 12(b)(6) motion is "limited to the content of the complaint." *North Star Int'l*, 720 F.2d at 581. Rule 12(b) states that a motion asserting defenses stated in Rule 12(b)(1)-(7) "must be made before pleading if a responsive pleading is allowed." Fed. R. Civ. P. 12(b).

**B.    Rule 12(c)**

Rule 12(c) of Federal Rules of Civil Procedure 12(c) states, "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." The legal standard for Rule 12(c) is "substantially identical" to the standard for a motion to dismiss under Rule 12(b)(6) because under both rules, "a court must determine whether the facts alleged in the complaint, taken as true, entitle the plaintiff to a legal remedy."[4] *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012) (quotation omitted).  As with a motion to dismiss, a court must assume that the non-moving party's allegations are true and must draw all reasonable inferences in its favor. *See Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1550 (9th Cir. 1989). Although Rule 12(c) does not expressly provide for partial judgment on the pleadings, "neither does it bar them; it is common to apply Rule 12(c) to individual causes of action." *Larsen v. Trader Joe's Co.*, 917 F. Supp. 2d 1019, 1022 (N.D. Cal. 2013). "Courts have discretion to grant leave to amend in conjunction with 12(c) motions, and may dismiss causes of action rather than grant judgment." *Moran v. Peralta Cmty. Coll. Dist.*, 825 F. Supp. 891, 893 (N.D.

---

[4] Motions to dismiss and motions for judgment on the pleadings differ in only two respects: "(1) the timing (a motion for judgment on the pleadings is usually brought *after* an answer has been filed, whereas a motion to dismiss is typically brought *before* an answer is filed), and (2) the party bringing the motion (a motion to dismiss may be brought *only* by the party against whom the claim for relief is made, usually the defendant, whereas a motion for judgment on the pleadings may be brought by *any* party)." *Sprint Telephony PCS, L.P. v. Cty. of San Diego*, 311 F. Supp. 2d 898, 902–03 (S.D. Cal. 2004), opinion clarified *sub nom. Sprint Tel. PCS, L.P. v. Cty. of San Diego*, No. 03-CV-1398-K(LAB), 2004 WL 859333 (S.D. Cal. Jan. 23, 2004) (internal citation omitted).

Cal. 1993).

## III.    ANALYSIS

### A.    Motion to Dismiss (Counts II, IV, and V)

Defendants' Motion (Doc. 46) argues that the Copyright Act preempts Plaintiff's claims for money had and received (Count II), declaratory relief (Count IV), and accounting (Count V). The Court will first analyze whether it may consider the motion as one for judgment on the pleadings; it will then address the substantive arguments.

#### 1.    Conversion of Motion

Defendants' Motion is styled as a motion to dismiss for failure to state a claim under Rule 12(b)(6). (Doc. 46 at 1.)  However, it was filed nearly four months after Defendants' Answer. Rule 12(b) provides that "[e]very defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required." Fed. R. Civ. P. 12(b). Plaintiff argues that the Court should strike the motion in light of this procedural defect. (Doc. 51 at 8.)  Defendants state for the first time in their reply that the motion should be treated as one for judgment on the pleadings under Rule 12(c) or 12(h)(2), as there is "no shortage of case law in the Ninth Circuit" permitting the conversion. (Doc. 54.) The Court agrees with Defendants and, in light of the procedural flaws, will construe Defendants' Motion as a motion for judgment on the pleadings under Rule 12(c).

Rule 12(h)(2) authorizes the use of a Rule 12(c) motion to raise the defense of failure to state a claim. Fed. R. Civ. P. 12(h)(2). The Ninth Circuit has specifically held that a "motion to dismiss" filed after the close of pleadings may be converted to a motion for judgment on the pleadings: "[b]ecause it is only after the pleadings are closed that the motion for judgment on the pleadings is authorized (Rule 12(c)), Rule 12(h)(2) should be read as allowing a motion for judgment on the pleadings, raising the defense of failure to state a claim, even after an answer has been filed." *Aldabe v. Aldabe*, 616 F.2d 1089, 1093 (9th Cir. 1980). Rules 12(c) and 12(h)(2) therefore constitute a "qualification" of Rule 12(b)(6). *Id.*; *see also* 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1367 (3d ed.) ("In this context, Rule 12(c) is merely serving as an auxiliary or

supplementary procedural device to determine the sufficiency of the case before proceeding any further and investing additional resources in it.").

An important consideration in converting the motion is whether the pleadings raised the affirmative defense at issue. As the *Aldabe* court noted, "[t]he case for adopting such a position is further strengthened where, as here, each of the answers included the defense of failure to state a claim. The motions to dismiss were not based on new arguments for which appellant could claim to have been unprepared." *Id.* at 1093. *See* also Wright & Miller § 1367 ("It should be stated again, however, that Rule 12(c) cannot be used to assert Rule 12(b) defenses that have not been raised previously in the pleadings or by preliminary motion or are not expressly preserved by Rule 12(h).)." Here, Defendants' Answer raised the defense of failure to state a claim: "A[nd] a[s] for a separate defense, and in the alternative, Defendants allege Plaintiff's Complaint fails to state a claim upon which relief may be granted against Defendants." (Doc. 19 at 4.)[5] In light of these considerations, the Court will treat Defendants' Motion as a motion for judgment on the pleadings. *See Aldabe* at 1093; *see also Elvig v. Calvin Presbyterian Church*, 375 F.3d 951, 954–55 (9th Cir. 2004) ("Here, the Defendants filed their motion to dismiss *after* filing their answer. Thus, the motion should have been treated as a motion for judgment on the pleadings, pursuant to Rule 12(c) or 12(h)(2).").

## 2. Merits of Defendants' Motion

Defendants' Motion argues that the Copyright Act, 17 U.S.C. §§ 101–810, preempts three of Plaintiff's claims brought under California law.[6] The Copyright Act gives "the owner of copyright ... the exclusive rights to do and to authorize" others to display, perform, reproduce or distribute copies of the work, and to prepare derivative works. 17 U.S.C. § 106. Sections 301(a) and (b) describe when the Copyright Act preempts legal

---

[5] Plaintiff argues that the motion cannot be converted because it "makes no reference to its own Answer." (Doc. 51 at 8.) A motion for judgment on the pleadings must be submitted after the answer. Fed. R. Civ. P. 12(c). However, there does not appear to be authority specifically stating that the motion must *reference* the answer.

[6] Plaintiff's third claim is for copyright infringement pursuant to 17 U.S.C. § 501. (Doc. 1 at 10–11.)

and equitable rights granted by state law. Section (a) states:

> On and after January 1, 1978, all legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright as specified by section 106 in works of authorship that are fixed in a tangible medium of expression and come within the subject matter of copyright as specified by sections 102 and 103, whether created before or after that date and whether published or unpublished, are governed exclusively by this title. Thereafter, no person is entitled to any such right or equivalent right in any such work under the common law or statutes of any State.

*Id*. § 301(a). Section (b) states:

> Nothing in this title annuls or limits any rights or remedies under the common law or statutes of any State with respect to ... subject matter that does not come within the subject matter of copyright as specified by sections 102 and 103, including works of authorship not fixed in any tangible medium of expression....

*Id*. § 301(b).

As the parties recognize, the Ninth Circuit employs a two-part test to determine whether a state law is preempted by the Copyright Act. "First, we decide 'whether the 'subject matter' of the state law claim falls within the subject matter of copyright as described in 17 U.S.C. §§ 102 and 103.' Second, assuming it does, we determine 'whether the rights asserted under state law are equivalent to the rights contained in 17 U.S.C. § 106, which articulates the exclusive rights of copyright holders." *Maloney v. T3Media, Inc*., 853 F.3d 1004, 1010 (9th Cir. 2017) (citing *Laws v. Sony Music Entm't, Inc*., 448 F.3d 1134, 1137-38 (9th Cir. 2006)) (Doc. 46 at 3; Doc. 51 at 22).

Defendants argue that the Copyright Act preempts Plaintiff's claims for money had and received (Count II), declaratory relief (Count IV), and accounting (Count V). The Court will address these claims in turn.[7]

---

[7] Plaintiff argues that "Defendants' 'converted' MJP would be a 'partial' MJP not

### a.    Money Had and Received (Count II)

Defendants first argue that Plaintiff's claim for money had and received (Count II) is preempted by the Copyright Act. The Complaint asserts that Defendants are indebted to Plaintiff "for money had and received by Defendants and each of them from their use, application and exploitation of Reilly's Work in the operation, marketing and promotion of Woz U[.]" (Doc. 1 ¶ 29.) "Reilly's Work" is defined as "ideas, designs, business plans, curricula, images, sale strategies and educational training concepts original to and created by Reilly." (*Id*. ¶ 1(A).) The claim is brought under California law. (*Id*. ¶ 15.) In response, Plaintiff argues that the claim should not be dismissed because it is an "alternative legal ground for relief based on the same nucleus of operative facts alleged in all Causes of Action[.]" (Doc. 51 at 27.)

The first inquiry is whether the subject matter of the state law claim falls within the subject matter of copyright as described in Sections 102 and 103 of the Copyright Act. *Maloney*, 853 F.3d at 1010. The Court concludes that it does. Plaintiff brings a claim for money had and received based on the benefit obtained from his "ideas, designs, business plans, curricula, images, sale strategies and education training concepts." (Doc. 1 at 2.) Some of these works—including at least the "designs" and "business plans"—are specifically included in Section 102 as "original works of authorship" such as "pictorial" or "graphic" works. 17 U.S.C. § 102(a)(5). As to the remaining components of "Reilly's Work," the works at issue need "not actually be protected, or even protectable, under the Copyright Act" to fall within the "subject matter of copyright." *Idema v. Dreamworks, Inc*., 162 F. Supp. 2d 1129, 1189 (C.D. Cal. 2001), aff'd in part, dismissed in part, 90 F. App'x 496 (9th Cir. 2003), as amended on denial of reh'g (Mar. 9, 2004). Put another way, "the shadow actually cast by the Act's preemption is notably broader than the wing of its protection." *Endemol Entertainment B.V. v. Twentieth Television Inc*., No. CV 98-0608

---

authorized by the express language of FRCP 12(c), thus requiring this Court to plunge into that unnecessary analysis solely by reason of Defendants' failure to follow the Rules." (Doc. 51 at 8.) However, as referenced above, "it is common to apply Rule 12(c) to individual causes of action." *Larsen*, 917 F. Supp. 2d at 1022.

ABC (BQRX, 1998 WL 785300, at *3 (C.D. Cal. Sept. 29, 1998) (citation omitted). And while "ideas" are specifically excluded from copyright protection, 17 U.S.C. § 102(b), "courts have consistently held that they fall within the 'subject matter of copyright' for the purposes of preemption analysis." *Entous v. Viacom Int'l, Inc.*, 151 F. Supp. 2d 1150, 1159 (C.D. Cal. 2001) (citing *Selby*, 96 F.Supp.2d at 1058). The Court therefore concludes that the subject matter of Count II falls within the subject matter of copyright.

The next issue, accordingly, is whether the rights asserted under state law are equivalent to the rights contained in Section 106 of the Copyright Act. *See Maloney*, 853 F.3d at 1010. Section 106 provides a copyright owner with the "exclusive rights" of reproduction, preparation of derivative works, distribution, and display. 17 U.S.C. § 106. To survive preemption, the state claim "must protect rights which are qualitatively different from the copyright rights. The state claim must have an 'extra element' which changes the nature of the action." *Del Madera Properties v. Rhodes & Gardner, Inc.*, 820 F.2d 973, 977 (9th Cir. 1987). (citation omitted).

The Court agrees with Defendants that Plaintiff's state law claim for money had and received is functionally equivalent to the rights protected under the Copyright Act. The elements of a claim for money had and received under California law are: "(1) defendant received money; (2) the money defendant received was for plaintiff's use; and (3) defendant is indebted to plaintiff." *Lincoln Nat'l Life Ins. Co. v. McClendon*, 230 F. Supp. 3d 1180, 1190 (C.D. Cal. 2017) (citing *Fireman's Fund Ins. Co. v. Commerce & Indus. Co*., No. C-98-1060VRW, 2000 WL 1721080, at *8 (N.D. Cal. Nov. 7, 2000)). This claim is not "qualitatively different" from a claim that Defendants violated Plaintiff's exclusive right to copyrighted materials. *Del Madera Properties*, 820 F.2d at 977. Multiple other courts have reached the same conclusion. *See, e.g., Pizarro v. Aguilar*, No. CV 10-2252-GHK (SSX), 2010 WL 11598015, at *3 (C.D. Cal. July 6, 2010) (claim for money had and received, though "camouflaged" as a common law cause of action, was "in fact equivalent to federal copyright infringement claims."); *Kabehie v. Zoland*, 102 Cal. App. 4th 513, 530 (2002) (a claim for money had and received was preempted because it was "not

qualitatively different from a copyright infringement action"); *Saint-Amour v. Richmond Org., Inc.*, 388 F. Supp. 3d 277, 292 (S.D.N.Y. 2019) ("The Plaintiffs' claim for money had and received is preempted by the Copyright Act."); *Olivares v. Univ. of Chicago*, 213 F. Supp. 3d 757, 766 (M.D.N.C. 2016) ("No extra element transforms a claim for money had and received into something qualitatively different from a copyright infringement claim.").

The Court is not persuaded by Plaintiff's argument that the claim should remain because it is an "alternative legal ground for relief." (Doc. 51 at 27.) The Copyright Act does, admittedly, permit alternative causes of action for claims that are "not equivalent to any of the exclusive rights within the general scope of copyright as specified by section 106…" 17 U.S.C. § 301(b)(3). However, because the Court concludes that the claim for money had and received *is* equivalent to the rights within the scope of Section 106, this argument fails. To rule otherwise would essentially nullify the Copyright Act's preemption provisions by permitting a plaintiff to argue that each claim is an "alternative" claim for relief. Ultimately, "[a]lthough the elements of [Plaintiff's] state law claims may not be identical to the elements in a copyright action, the underlying nature of [Plaintiff's] state law claims is part and parcel of a copyright claim." *Laws*, 448 F.3d at 1144. Accordingly, Count II is dismissed.

### b.    Declaratory Relief (Count IV)

Defendants next move to dismiss Plaintiff's claim for declaratory relief (Count IV) on grounds that it is preempted by the Copyright Act.   Plaintiff seeks a declaratory judgment from the Court stating:

> A. Woz U embodies the Reilly Work in its operation, marketing and promotion.
> B. Defendants and each of them are obligated to account and pay to Reilly the reasonable and fair value of Reilly's Work.

(Doc. 1 ¶ 40.) Defendants argue that Plaintiff's claim for declaratory relief is "rooted primarily on the contentions that defendants infringed on Plaintiff's copyrighted works,"

and therefore preempted. (Doc. 46 at 6.) In response, Plaintiff argues in part that the declaratory relief claim is brought pursuant to the federal Declaratory Judgment Act, 28 U.S.C. § 2201,[8] and that "Defendants cite no authority for their claim that Section 301 can preempt declaratory relief through another Federal law and there is no such authority. Congress cannot preempt itself." (Doc. 51 at 23.)

The Complaint does not state whether the claim for declaratory relief is brought under state or federal law. (Doc. 1 at 11–12.) However, in construing the Complaint in the light most favorable to Plaintiff, as it is required to do, *Hal Roach Studios, Inc.*, 896 F.2d at 1550. the Court considers Plaintiff's claim for declaratory relief as brought under the Declaratory Judgment Act, 28 U.S.C. § 2201. For one, the declaratory relief claim is not included in the Complaint's statement that the claims "for implied-in-fact contract, money had and received and accounting arose by reason of conduct in, or based on contracts with, the State of California. As a result, California law determines the rights and obligations of … Defendants … with respect to each of such Causes of Action." (Doc. 1 ¶ 15.) When viewed in the light most favorable to Plaintiff, this suggests that the remaining claims— including Count IV—are brought under federal law.

The Court also relies on relevant legal authority, which states that the federal Declaratory Judgement Act applies in cases arising under both federal question and diversity jurisdiction. The federal Declaratory Judgment Act provides that "[i]n a case of actual controversy within its jurisdiction ... any court of the United States ... may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). It creates a federal remedy but is not itself a basis for federal jurisdiction. *See Fiedler v. Clark*, 714 F.2d 77, 79 (9th Cir.1983). Plaintiff alleges that both federal question jurisdiction and diversity jurisdiction exist in this case. (Doc. 1 ¶¶ 16–17.) The Court may properly construe Plaintiff's claim as brought under the federal Declaratory Judgment Act in both contexts.

---

[8] Although Plaintiff refers to the "Declaratory Relief Act," 28 U.S.C. § 2201 is titled the Declaratory Judgment Act.

Plaintiff first alleges that federal question jurisdiction exists, pursuant to 28 U.S.C. § 1331, because the action arises under the Copyright Act of 1976. (*Id.* ¶ 16.) For federal question jurisdiction cases, the declaratory judgment plaintiff must establish an "actual controversy." *Societe de Conditionnement v. Hunter Eng'g Co.*, 655 F.2d 938, 943 (9th Cir.1981). Defendants do not dispute this or move to dismiss Plaintiff's copyright infringement claim (Count III). Further, other courts have concluded that declaratory judgment claims in the copyright infringement context should be interpreted as brought under the Declaratory Judgment Act. *See Adobe Sys. Inc. v. Kornrumpf*, 780 F. Supp. 2d 988, 992 (N.D. Cal. 2011) ("Nor does [Plaintiff] articulate any authority for its request for a declaration of copyright misuse. [Plaintiff] did not cite any provision of the Copyright Act affirmatively providing such relief. Thus, the Court presumes [Plaintiff] seeks a declaration pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201(a)."); *Acorne Prods., LLC v. Tjeknavorian*, 33 F. Supp. 3d 175, 183 (E.D.N.Y. 2014) ("The declaratory judgment remedy is not expressly stated in the Copyright Act; it is available by virtue of a separate statute, The Declaratory Judgment Act. *See* 28 U.S.C. § 2201.").

Plaintiff also alleges that diversity jurisdiction exists in this case pursuant to 28 U.S.C. § 1332(a)(1). (Doc. 1 ¶ 17.) Courts apply the Declaratory Judgment Act, rather than the state law counterpart, to diversity jurisdiction cases. *See, e.g., Mardian Equip. Co. v. St. Paul Fire & Marine Ins. Co.*, No. CV–05–2729–PHX–DGC, 2006 WL 2456214, at \*4 (D. Ariz. Aug. 22, 2006) ("Because this action has been removed to federal court, however, Plaintiff's state law [declaratory judgment] claim must be converted to a claim brought under the Federal Declaratory Judgment Act.... This is so because under the *Erie* doctrine, federal courts sitting in diversity apply state substantive law and federal procedural law, and the Act is a procedural statute."); *In Golden Eagle Insurance Co. v. Travelers Cos.*, 103 F.3d 750, 753 (9th Cir.1996), overruled on other grounds by *Gov't Emps. Ins. Co. v. Dizol*, 133 F.3d 1220 (1998) (en banc) (applying Declaratory Judgment Act where "[t]he complaint [plaintiff] filed in state court for declaratory relief was filed

under California's declaratory relief statute," but "[w]hen [defendant] removed the case to federal court, based on diversity of citizenship, the claim remained one for declaratory relief, but the question whether to exercise federal jurisdiction to resolve the controversy became a procedural question of federal law.").

Defendants' Motion does not argue that the Copyright Act preempts a *federal* law such as the Declaratory Judgment Act, 28 U.S.C. § 1332(a)(1). Defendants also do not raise any other arguments for dismissing this claim. (Doc. 46 at 5–6.) Accordingly, the motion for judgment on the pleadings as to Count IV is denied.

### c.    Accounting (Count 5)

Defendants also argue that Plaintiff's claim for an accounting (Count V) is preempted by the Copyright Act. Plaintiff seeks an accounting from Defendants on "the revenues derived from, and expenses incurred in, the operation, marketing and promotion of Woz U." (*Id.* ¶ 45.) This claim is brought under California law. (Doc. 1 ¶ 15.) The Court agrees with Defendants that this claim is preempted by the Copyright Act.

 First, the Court finds that the subject matter of the accounting claim falls within the subject matter of the Copyright Act. *Maloney*, 853 F.3d at 1010. As noted, Plaintiff seeks an accounting of Defendants' involvement in Woz U. Plaintiff argues that Defendants "used, applied and exploited Reilly's Work in the creation, formation, operation, management and publicity of Woz U" and "infringed Reilly's Copyrighted Work in the marketing and publicity of Woz U" (Doc. 1 ¶¶ 12, 13). Accordingly, for the same reasons as stated with respect to Count II, the subject matter of Plaintiff's Count V falls within the subject matter of copyright. *See Idema*, 162 F. Supp. 2d at 1189 (works need "not actually be protected, or even protectable, under the Copyright Act" to fall within the "subject matter of copyright.").

Second, the rights asserted in the accounting claim are equivalent to those exclusive rights identified in Section 106 of the Copyright Act. *Maloney*, 853 F.3d at 1010. An accounting claim requires a showing "(1) that a relationship exists between the plaintiff and defendant that requires an accounting; and (2) that some balance is due to the plaintiff

that can only be ascertained by an accounting." *Brosious v. JP Morgan Chase Bank, N.A.*, No. 2:15-CV-00047-KJM, 2015 WL 5173063, at *3 (E.D. Cal. Sept. 2, 2015) (citing *Teselle v. McLoughlin*, 173 Cal.App.4th 156, 179, 92 Cal.Rptr.3d 696 (2009)). The Court agrees with other courts to find that the accounting claim is "rooted primarily on contentions that defendants infringed on plaintiffs' copyrighted works." *Motown Record Corp. v. George A. Hormel & Co*., 657 F. Supp. 1236, 1241 (C.D. Cal. 1987). *See also Alexander v. Timberlake*, No. 207CV00590RLHGWF, 2008 WL 11452529, at *4 (D. Nev. Jan. 3, 2008) (finding that Plaintiff's claim for accounting was preempted because it "assert[ed] the same wrongs alleged to support his claim for copyright infringement."). Further, "the Copyright Act already affords [Plaintiff] an adequate means by which to calculate damages in this action. *See* 17 U.S.C. § 504." *Young Money Entm't, LLC v. Digerati Holdings, LLC*, No. 2:12-CV-07663-ODW, 2012 WL 5571209, at *9 (C.D. Cal. Nov. 15, 2012).

The Court notes the case relied on by Plaintiff, *Oddo v. Reis*, 743 F.2d 630 (9th Cir. 1984), is readily distinguishable. Plaintiff states that the case "represents just another area where state contract law and [Copyright] Act principles easily co-exist[.]" (Doc. 51 at 26.) However, that case involved two business partners who each had "an independent right to use or license the use of the copyright." *Id*. at 633. Because the parties were co-owners of the copyright, the defendant "could not infringe the partnership's copyrights[.]" *Id*. He could, however, "be required to account to [plaintiff] for any profits he has made from use of those copyrights." *Id*. In the present case, there is no indication that Plaintiff and Defendants were co-owners in the Plaintiff's copyrighted works. According to the face of the Complaint, Defendants *could* have violated Plaintiff's copyright protection; the claim for an accounting is accordingly preempted and will be dismissed.

### B.    Motion for Judgment on the Pleadings (Count I)

In the second motion, Defendant Wozniak moves for judgment on the pleadings with respect to Count I, for breach of an implied-in-fact contract. Wozniak states that "based on Plaintiff's allegations, and the exhibits to his Complaint, an implied-in-fact

contract was never entered into between the parties." (Doc. 58 at 1.) The Court will first address whether it may consider Wozniak's Motion; it will then address the merits.

### 1.    Second Motion for Judgment on the Pleadings

The first issue is whether the Court may consider Wozniak's Motion in light of the fact that, for the reasons discussed above, it would be the second motion for judgment on the pleadings in this case. Plaintiff argues that "Rules 12(g)(2) and 12(h)(1)(A) prohibit successive MJP's pursuant to Rule 12(c) and successive MTD's made pursuant to Rule 12(b)(6), when the issue raised is one that could have been raised in the earlier MTD or MJP, as the case may be." (Doc. 59 at 2.) In reply, Wozniak argues that Rule 12(g)(2) specifically authorizes the second motion for judgment on the pleadings. (Doc. 61 at 3.) The Court agrees with Wozniak.

Rule 12(g)(2) states, in pertinent part, "*Except as provided in Rule 12(h)(2) or (3),* a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion." Fed. R. Civ. P. 12(g)(2) (emphasis added). Therefore, although the general rule prohibits a party from asserting defenses available when that party made its initial motion, Rules 12(h)(2) and 12(h)(3) provide exceptions. Rule 12(h)(2) specifically permits a motion for "failure to state a claim upon which relief can be granted…by a motion under Rule 12(c)." Fed. R. Civ. P. 12(h)(2)(B). Accordingly, a motion for judgment on the pleadings alleging failure to state a claim, such as Wozniak's Motion (Doc. 58), is specifically exempt from Rule 12's prohibition on successive motions.[9]

There is limited case law on this topic. Plaintiff cites a Northern District of Texas case holding that "when a party files a Rule 12(c) motion, the opposing party does not file an intervening pleading (e.g., an amended complaint) that is subject to challenge for failure

---

[9] Plaintiff also cites Rule 12(h)(1)(A), which states, "A party waives any defense listed in Rule 12(b)(2)-(5) by: omitting it from a motion under the circumstances described in Rule 12(g)(2)." Fed. R. Civ. P. 12(h)(1)(A). This is not helpful for Plaintiff for two reasons: first, Wozniak does not raise a defense listed in Rule 12(b)(2)-(5), and second, the circumstances described in Rule 12(g)(2), as noted above, exempt motions listed under Rule 12(h)(2)—including Rule 12(c) motions for judgment on the pleadings.

to state a claim on which relief can be granted, and the party files a second Rule 12(c) motion that is addressed to the same pleading that is the subject of the first Rule 12(c) motion, the second motion is successive and can be denied on that basis." *Fisher v. Dallas Cty.*, No. 3:12-CV-3604-D, 2014 WL 4797006, at *9 (N.D. Tex. Sept. 26, 2014). Plaintiff does not cite a Ninth Circuit case, and the Court has not located one on point. However, district courts in other circuits have reached the opposite conclusion of the *Fisher* case. For example, in *Palmer v. New York State Office of Court Admin.*, the Northern District of New York addressed the "contention that Defendant's third motion for judgment on the pleadings is foreclosed by Ru1e 12(g), which precludes the bringing of motions that raise arguments that the defendant did not raise at the first available opportunity." No. 5:00CV00110(HGM/GHL), 2007 WL 2362360, at *4 (N.D.N.Y. Aug. 13, 2007). Based on a review of the relevant rules, the Court concluded that the "contention is without merit" and permitted the third Rule 12(c) motion. *Id.*

Further, district courts in the Ninth Circuit have considered the merits of multiple motions for judgment on the pleadings without specifically addressing whether they were permitted. *See, e.g., Qwest Commc'ns Corp. v. City of Berkeley*, 208 F.R.D. 288, 292 (N.D. Cal. 2002) (considering plaintiff's two motions for judgment on the pleadings); *Lanuza v. Love*, 134 F. Supp. 3d 1290, 1293 (W.D. Wash. 2015) ("Defendant United States' motions to dismiss are properly construed as motions for judgment on the pleadings."); *Patel v. Callies*, No. 07-CV-474-WFD, 2009 WL 10713058, at *2 (D. Idaho Jan. 26, 2009) ("This order will address first those elements common to all defendants' motions for judgment on the pleadings, after which it will address those elements specific to individual defendants.").

Finally, courts in the Ninth Circuit have noted that Rule 12(g) applies to "situations in which a party files successive motions under Rule 12 for the sole purpose of delay." *Davidson v. Countrywide Home Loans, Inc.*, No. 09–CV–2694–IEG JMA, 2011 WL 1157569, at *4 (S.D. Cal. Mar. 29, 2011) (internal quotations omitted); *see also Kilopass Tech. Inc. v. Sidense Corp.*, No. C 10–02066 SI, 2010 WL 5141843, at *3 (N.D. Cal. Dec.

13, 2010) (same); *Allstate Ins. Co. v. Countrywide Fin. Corp.*, 824 F.Supp.2d 1164, 1175 (C.D.Cal.2011) ("Rule 12(g) is designed to avoid repetitive motion practice, delay, and ambush tactics."). There is no indication that Wozniak's Motion was filed for the "sole purpose of delay." It was filed just over one month after briefing on the first motion concluded, and the Court is able to address both motions simultaneously. For all of these reasons, the Court will consider Wozniak's Motion.

## 2. Merits of Wozniak's Motion

Wozniak argues that Count I should be dismissed because Plaintiff has not stated a *Desny* claim for breach of implied-in-fact contract.[10] (*Id.* at 4.) The claim is brought under California law and only against Wozniak. (Doc. 1 ¶ 15.) Plaintiff argues that the Complaint alleges the elements of a *Desney* implied-in-fact contract claim, including that "Plaintiff approached Woz about his idea for the Woz Institute of Technology and asked Woz if he was interested. Woz said he was and authorized plaintiff to attempt to execute this idea which involved both Plaintiff and Woz[.]… As will be proven at trial, Woz fully understood that Plaintiff expected to be compensated from implementation of Plaintiff's concept and use of the Reilly Work, as did Woz himself." (Doc. 59 at 7.) For the reasons discussed below, the Court finds that the Complaint states a claim for breach of an implied-in-fact contract.

As Wozniak notes, the Complaint does not specifically describe Count I as a "*Desny*" claim.[11] A district court generally limited to the contents of the pleadings when ruling on a Rule 12(c) motion. *See* Fed. R. Civ. Proc. 12(c). However, the Court need not rely on material outside the pleadings here. A "contract implied in fact 'consists of obligations arising from a mutual agreement and intent to promise where the agreement and promise have not been expressed in words.'" *Retired Employees Ass'n of Orange*

---

[10] Although Wozniak did not raise this argument, the Court notes that the Ninth Circuit has held that *Desny* claims for breach of implied contract are not preempted by federal copyright claims. *Montz v. Pilgrim Films & Television, Inc.*, 649 F.3d 975, 976 (9th Cir. 2011).

[11] "[T]here was no reference to *Desny* in the Plaintiff's Complaint, nor the Plaintiff's Mandatory Initial Disclosures." (*Id.* at 3.)

*Cnty., Inc. v. Cnty. of Orange*, 52 Cal.4th 1171, 1178 (2011) (citation omitted). Under California law, "when an idea is furnished by one party to another, a contract sometimes may be implied even in the absence of an express promise to pay." *Grosso v. Miramax Film Corp.*, 383 F.3d 965, 967 (9th Cir. 2004), opinion amended on denial of reh'g, 400 F.3d 658 (9th Cir. 2005).

This principle arose from the leading California Supreme Court case in this area, *Desny v. Wilder*, 299 P.2d 257 (Cal. 1956). In that case, the plaintiff alleged that Paramount Pictures turned his pitched idea into a feature film without compensation. *Id.* at 726–27. Ruling in plaintiff's favor, the court held that a contract exists where "the circumstances preceding and attending disclosure, together with the conduct of the offeree acting with knowledge of the circumstances, show a promise [to pay] of the type usually referred to as 'implied' or 'implied in fact.'" *Id.* at 738. The Ninth Circuit has endorsed *Desny* claims, stating, "[t]o establish a *Desny* claim for breach of implied-in-fact contract, the plaintiff must show that the plaintiff prepared the work, disclosed the work to the offeree for sale, and did so under circumstances from which it could be concluded that the offeree voluntarily accepted the disclosure knowing the conditions on which it was tendered and the reasonable value of the work." *Grosso*, 383 at 967. It has further explained that "rights created under California law emanating from *Desny* [are] qualitatively different from the rights protected by federal copyright law because a *Desny* claim includes an added element: an agreement to pay for use of the disclosed ideas." *Montz v. Pilgrim Films & Television, Inc.*, 649 F.3d 975, 980 (9th Cir.2011).

The Court finds that the Complaint states a *Desny* claim for breach of an implied-in-fact contract. First, Plaintiff has alleged that he prepared the work at issue. *Grosso*, 383 at 967. (Doc. 1 ¶ 4 (Plaintiff emailed Wozniak stating "I want to start a high tech university"); ¶ 6 (Wozniak emailed Plaintiff, stating "I figure it's your idea"); ¶ 8 (Plaintiff "created a website and logo")). Second, the Court concludes that Plaintiff "disclosed the work to the offeree for sale." *Grosso*, 383 at 967. This issue is more difficult because at no point does the Complaint explicitly state that Plaintiff tried to *sell* Reilly's work to

Wozniak. The Court is therefore sympathetic to Wozniak's argument that "[t]he Plaintiff wasn't seeking to sell anything to Defendant Wozniak [sic]. On the contrary, the Plaintiff was seeking to use Wozniak's name and likeness to start his own online school." (Doc. 61 at 4.) However, in accepting Plaintiff's allegations as true and drawing all reasonable inferences in Plaintiff's favor, *see Hal Roach Studios, Inc.*, 896 F.2d at 1550, the Court concludes that Plaintiff has alleged that he disclosed his work to Wozniak "for sale." Considerations include Plaintiff's allegations that he introduced Wozniak to at least one potential business partner (Doc. 1 ¶ 5; 20–30); that Plaintiff and Wozniak met to discuss Plaintiff's idea and "agreed to proceed with a 'deal' handshake depicted in a photograph taken at the Luncheon" (*Id*. ¶ 6, at 31–32); that Wozniak gave Plaintiff "the right to proceed with potential investors and counter-parties" (*Id*. ¶ 6); that Plaintiff and Wozniak presented the idea to Apollo Group (*Id*. ¶ 7); and that Wozniak "consented to all the obligations arising from the acceptance of the benefits of Reilly's work," including the obligation to "pay Reilly the fair and reasonable value of Reilly's work." Third, Plaintiff has alleged that "the offeree voluntarily accepted the disclosure knowing the conditions on which it was tendered and the reasonable value of the work." *Grosso*, 383 at 967. Specifically, the Complaint states that Defendants "voluntarily accepted [] the benefit of Reilly's work with full knowledge of the circumstances and the fact that Reilly did not submit and communicate Reilly's Work to Woz gratuitously" (*Id*. ¶ 25), and that they "consented to all the obligations arising from the acceptance of the benefits" of Plaintiff's work. (*Id*. ¶ 26.)

Wozniak also argues that "Plaintiffs have produced no evidence of the parties' intent or conduct relating to the creation of an implied-in-fact contract[.]" (Doc. 58 at 6.) However, at this stage, "Plaintiff does not have to allege in detail all the facts upon which he bases his claim. To the extent that Defendant argues that Plaintiff's allegations, if true, are insufficient in themselves to establish the existence of an implied-in-fact contract, that is not the standard used to decide a motion to dismiss.… Therefore, the Court will not dismiss Plaintiff's claim for breach of an implied-in-fact contract." *Maley v. Pulte Home*

*Corp.*, No. C 06-3082 CW, 2006 WL 2168206, at *4 (N.D. Cal. July 31, 2006).

Ultimately, without commenting on the likelihood that Plaintiff will prevail on the merits, the Court concludes that Plaintiff has sufficiently stated the minimal requirements to proceed on his claim for breach of an implied-in-fact contract. *See Goldberg v. Cameron*, 482 F. Supp. 2d 1136, 1150 (N.D. Cal. 2007) ("While this is by no means a compelling allegation that the work was disclosed to the defendants in a manner that would create an implied contract … it is sufficient to state a claim for an implied contract."); *Quirk v. Sony Pictures Entm't Inc*., No. C 11-3773 RS, 2012 WL 12920192, at *4 (N.D. Cal. July 5, 2012) ("Whether Quirk has adequately pleaded facts to support an inference that his novel was transferred with such an expectation is a close call. To be sure, his allegations are to a significant degree both conclusory and speculative, and he forthrightly concedes that additional facts must be developed through discovery." However, "the motion to dismiss must be denied."). The Court will deny Wozniak's motion for judgment on the pleadings as to Count I.

## IV.    CONCLUSION

Accordingly,

**IT IS ORDERED** that Defendants' Motion to Dismiss Counts II, IV and V of Plaintiff's Complaint (Doc. 46) is **granted in part and denied in part**. The Motion is granted with respect to Counts II (Money Had and Received) and V (Accounting); these claims are dismissed. The Motion is denied with respect to Count IV (Declaratory Relief).

**IT IS FURTHER ORDERED** that Defendant Steve Wozniak's Motion for Judgment on the Pleadings as To Count I of Plaintiff's Complaint (Doc. 58) is **denied**.

Dated this 3rd day of March, 2020.

Michael T. Liburdi
United States District Judge

- 20 -