**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ralph T Reilly,<br><br>       Plaintiff,<br><br>v.<br><br>Steve Wozniak, et al.,<br><br>       Defendants. | No. CV-18-03775-PHX-MTL<br><br>**ORDER** |

Before the Court is Defendants' Motion to Exclude Plaintiff's Untimely Expert Disclosure. (Doc. 66.) Defendants Steve Wozniak, Woz U Education, LLC, Woz U Education Holdings, LLC, and Southern Careers Institute, Inc. (collectively, "Defendants") argue that Plaintiff Ralph T. Reilly's untimely expert witness "disclosure," which identifies no expert witness, precludes Plaintiff from using expert testimony in this case. In response, Plaintiff argues that Defendants' inadequate discovery responses prevented a timely expert disclosure. (Doc. 73.) The motion is granted.[1]

**I.  BACKGROUND**

The Complaint was filed on November 3, 2018. (Doc. 1.) The Rule 16 Scheduling Order was entered on January 23, 2019.[2] (Doc. 42.) It states, in relevant part:

> Plaintiff(s) shall disclose the identity of all persons whom they may

---
[1] The Court believes that oral argument would not significantly aid the decisional process. *See* Fed. R. Civ. P. 78(b) (court may decide motions without oral hearing); LRCiv 7.2(f) (same).
[2] The Rule 16 Scheduling Order was entered by the Honorable John J. Tuchi before case was transferred to the undersigned District Judge.

> call at trial to present evidence under Rules 702, 703, 704, or 705 of the Federal Rules of Evidence (Fed. R. Evid.) **no later than September 26, 2019**…. These disclosures shall be full and complete as required by Fed. R. Civ. P. 26(a)(2)(A)-(C).
>
> … Expert reports disclosed under Fed. R. Civ. P. 26(a)(2)(B) must set forth "the testimony the witness is expected to present during direct examination, together with the reasons therefor." Full and complete disclosures of such testimony are required on or before the dates set forth above; **absent truly extraordinary circumstances, parties will not be permitted to supplement their expert reports after these dates**.

(*Id.* at 2) (emphasis added). The Rule 16 Scheduling Order also states, "[t]he Court will strictly enforce the deadlines set forth in this Rule 16 Scheduling Order." (*Id.* at 1.) Neither party sought to extend any discovery deadline prior to the filing of the pending motion.[3]

Plaintiff served Defendants with the "Disclosure of Expert Testimony" on October 23, 2019. (Doc. 66 at 10; Doc. 65.) It does not identify any expert witnesses; rather, it states that Plaintiff "is and has been unable to provide the expert disclosures as required under the scheduling order filed on March 25, 2019 [Dkt. 42] due to the Defendants['] failure to provide meaningful discovery responses and documents." (Doc. 66 at 8.) The disclosure states that as a result, "Plaintiff reserves his right to serve his disclosure of expert testimony within a reasonable period after receipt of meaningful discovery responses and documents from the Defendants." (*Id.* at 9.)

Defendants filed the pending motion on November 25, 2019. (Doc. 66.) It requests that Plaintiff be barred from offering expert testimony in this case due to the untimely disclosure. Plaintiff responded on December 9, 2019, arguing that Defendants waived any objection by the "late filing" of their motion. (Doc. 73 at 2.) Plaintiff further argues that Defendants' inadequate discovery responses and document production prevented a timely expert disclosure. (*Id.* at 2–3.) Defendants filed a reply on December 11, 2019. (Doc. 75.) There is no indication in the record that Plaintiff has attempted to disclose any expert witness or testimony in the interim.

---

[3] Since that time, the Court has granted the parties' stipulated request to extend deadlines. (Doc. 93.) The discovery and dispositive motions deadlines have been extended to March 31, 2020 and April 21, 2020, respectively. (Doc. 96.)

## II. ANALYSIS

### A. Rules 26 and 37

Federal Rule of Civil Procedure 26(a)(2) requires parties to disclose the identity of each expert witness, "accompanied by a written report prepared and signed by the witness," by a date set by the Court. Fed. R. Civ. P. 26(a)(2)(B)-(C). Rule 37(c)(1) "gives teeth to these requirements" by forbidding the use of any improperly disclosed information in a motion, at a hearing, or at trial. *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001); Fed. R. Civ. P. 37(c)(1) ("[i]f a party fails to provide information or identify a witness as required under Rule 26(a) ..., the party is not allowed to use that information"). Courts have excluded expert testimony under Rule 37(c)(1) "even when a litigant's entire cause of action or defense has been precluded." *Yeti by Molly, Ltd.*, 259 F.3d at 1106.

However, two exceptions "ameliorate the harshness of Rule 37(c)(1)." *Id*. The material may be used if the party's failure to properly disclose was "substantially justified" or "harmless." Fed. R. Civ. P. 37(c)(1). The party making the late disclosure—here, Plaintiff—bears the burden of establishing that the failure to disclose was substantially justified or harmless. *See Torres v. City of Los Angeles*, 548 F.3d 1197, 1213 (9th Cir. 2008) ("[T]he burden is on the party facing the sanction … to demonstrate that the failure to comply with Rule 26(a) is substantially justified or harmless."). Rule 37(c) is intended to be a "self-executing, automatic sanction to provide [] a strong inducement for disclosure of material." *Yeti by Molly, Ltd.*, 259 F.3d at 1106 (citing Fed. R. Civ. P. 37 Advisory Committee's Note (1993)) (quotations omitted).

#### 1. Substantial Justification

Plaintiff has not met his burden to show that the untimely disclosure was substantially justified. The only proffered explanation in Plaintiff's two-page response, which is not supported by any legal authority, is that Defendants' inadequate discovery responses prevented his own timely expert disclosure. (Doc. 73 at 2–3.) Plaintiff states that he first served discovery requests on April 25, 2019; Defendants have produced "very

little" in response, but "have managed" to file two motions in the interim.[4] (Doc. 73 at 2.) Plaintiff, "frustrated with not receiving adequate discovery responses," provided a draft protective order to Defendants on August 2, 2019, which was entered on September 17, 2019. (*Id.*; Doc. 63.) Plaintiff claims that despite the entry of a protective order, Defendants have continued to fail to provide "meaningful discovery responses or documents." (*Id.* at 3.)

The Court is not convinced by Plaintiff's attempt to blame Defendants for his untimely disclosure. If Plaintiff believed that he was prevented from complying with the Rule 16 Case Management Order, he could have brought the issue to the Court's attention and sought an extension in a timely manner. The Ninth Circuit has previously found that a district court did not abuse its discretion in excluding an expert witness report filed six weeks late, where the plaintiff did not seek an extension and "failed to justify his disregard" for the court's scheduling order. *Quevedo v. Trans-Pac. Shipping, Inc.*, 143 F.3d 1255, 1258 (9th Cir. 1998). Likewise, here, Plaintiff "fails to provide any cogent explanation as to the question at the heart of this matter: Why did counsel not seek modification of the scheduling order to allow a later disclosure or request an extension of time from the Court?" *Churchill v. United States*, No. 1:09-CV-01846 LJO, 2011 WL 444849, at *5 (E.D. Cal. Feb. 8, 2011). *See also Goodman v. Staples The Office Superstore, LLC*, 644 F.3d 817, 827 (9th Cir. 2011) (district court did not abuse its discretion in excluding an expert report filed "more than a month" after the expert disclosure deadline had passed where counsel "admitted that he simply failed to read the court's scheduling order and didn't realize that [plaintiff] needed to disclose expert reports").

Plaintiff's attempt to blame Defendants is also unpersuasive because his own characterization of the relevant events shows that Plaintiff did not act expeditiously. Plaintiff states that he wrote to Defendants' counsel about the status of their discovery responses on October 2, 2019. (Doc. 73 at 3.) Plaintiff called and emailed again on October

---

[4] Those motions, Defendants' Motion to Dismiss Counts II, IV and V of Plaintiff's Complaint (Doc. 46), and Defendant Steve Wozniak's Motion for Judgment on the Pleadings as to Count I of Plaintiff's Complaint (Doc. 58), were separately addressed in the Court's March 3, 2020 Order. (Doc. 99.)

22, 2019, and then emailed on November 19, 2019. (*Id.*) None of these communications permitted Plaintiff to timely comply with the *September 26, 2019* expert disclosure deadline.[5] Instead, Plaintiff "created [his] own remedy" by submitting a late "disclosure" that included only a purported reservation of right to later disclose expert testimony. *Leland v. Cty. of Yavapai*, No. CV178159PCTSPLDMF, 2019 WL 1546998, at *4 (D. Ariz. Mar. 18, 2019), report and recommendation adopted, No. CV-17-08159-PCT-SPL, 2019 WL 1531874 (D. Ariz. Apr. 9, 2019); Doc. 66 at 9. *See also Yeti by Molly, Ltd.*, 259 F.3d at 1106–07 ("Even if true, defendants could have issued a preliminary report to be supplemented after [the expert's] report had been modified or they could have asked for an extension of the discovery deadline.").

As the Ninth Circuit has noted, "[d]eadlines must not be enforced mindlessly, of course. Sometimes there may be good reason to permit an identification of additional witnesses after the established deadline." *Wong v. Regents of Univ. of California*, 410 F.3d 1052, 1060 (9th Cir. 2005). That is not the case here, however. Plaintiff "proceeded at his own peril in failing to request an extension of time from the Court and in assuming that his expert disclosures … would be deemed timely." *Churchill*, 2011 WL 444849, at *5. The Court concludes, under these circumstances, that Plaintiff's failure to timely disclose any expert witness was not substantially justified. *See Wong*, 410 F.3d at 1056 ("Those witnesses were identified by [plaintiff] after a deadline set by the district court for identifying expert witnesses. … We conclude that the district court did not abuse its discretion in declining to permit [plaintiff] to add the additional witnesses.").

### 2. Harmlessness

Plaintiff has also not met his burden to prove that the delay was harmless. *See Yeti by Molly, Ltd.*, 259 F.3d at 1107 ("Implicit in Rule 37(c)(1) is that the burden is on the party facing sanctions to prove harmlessness."). Plaintiff states that because Defendants

---

[5] As noted, Plaintiff also states that on August 2, 2019, "frustrated with not receiving adequate discovery responses," Plaintiff sent Defendants a proposed protective order, which was ultimately entered on September 17, 2019. (Doc. 73 at 2; Doc. 63.) The Court is not persuaded that the entry of a protective order substantially justified Plaintiff's subsequent untimely conduct, however.

- 5 -

did not file the pending motion until one month after Defendant filed his expert disclosures, the delay was "clearly harmless." (Doc. 73 at 2.) Further, "[i]f anybody has been prejudiced, it is Plaintiff since Defendants keep stonewalling on production of documents." (*Id*. at 3.) The Court is not convinced. The discovery deadline in this case is March 31, 2020.[6] (Doc. 96.) The dispositive motion deadline is April 21, 2020. (*Id*.) The record does not indicate that Plaintiff has identified or attempted to disclose an expert witness. To do so at this point would require a substantial extension of pending deadlines. As the Ninth Circuit has recognized, "[d]isruption to the schedule of the court and other parties ... is not harmless." *Wong*, 410 F.3d at 1061-62. This is true even where, as here, the trial date is not imminent. *See id*. at 1062. Setting new deadlines for depositions and expert reports "would lead to increased costs to [Defendants] and a substantial delay and inconvenience for the Court." *Leland*, 2019 WL 1546998, at *4.

The Court is also not convinced by Plaintiff's argument that Defendants "waived any objections" to Plaintiff's disclosure by filing their motion one month after Plaintiff's expert disclosure. (Doc. 73 at 2.) Plaintiff has not cited any legal authority specifying a time limit in which a party must object to an untimely expert disclosure. Further, as Defendants note, "[t]here is no obligation on the part of the Defendants to object to an untimely expert disclosure within a set amount of days in the Rules of Civil Procedure or the Scheduling Order." (Doc. 66 at 2.) Given these considerations, in addition to its conclusion that Plaintiff's untimely disclosure was not otherwise harmless, the Court does not find that Defendants waived their ability to object to Plaintiff's untimely expert disclosure.

### III. CONCLUSION

The Court recognizes that the exclusion of expert testimony is a harsh penalty. Nonetheless, Defendants "were entitled to assume" that the Court intended to enforce the Rule 16 Scheduling Order, "that Rule 37(c)(1) means what it says, and that untimely disclosed evidence would be excluded from evidence at trial." *Leland*, 2019 WL 1546998,

---

[6] At the time of filing the pending motion, the discovery deadline was January 31, 2020; the dispositive motion deadline was February 21, 2020. (Doc. 42 at 3, 4.)

at *3. Plaintiff has not demonstrated that his failure to abide by these deadlines was substantially justified or harmless.

Accordingly,

**IT IS ORDERED** that Defendants' Motion to Exclude Plaintiff's Untimely Expert Disclosure (Doc. 66) is **granted**. Plaintiff may not introduce expert opinions or offer expert testimony in this matter.

Dated this 10th day of March, 2020.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge