**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ralph T Reilly, | No. CV-18-03775-PHX-MTL |
| Plaintiff, | **ORDER** |
| v. | |
| Steve Wozniak, et al., | |
| Defendants. | |

Before the Court is Plaintiff Ralph T. Reilly's Motion to Amend the Court's March 2, 2021 Order to Permit Interlocutory Appeal. (Doc. 150.) On March 2, 2021, the Court granted in part and denied in part Defendants' motion for summary judgment. It granted summary judgment to Defendants on Plaintiff's breach of implied-in-fact contract claim and denied it as to the copyright infringement and declaratory relief claims. (Doc. 145.) Plaintiff moves to amend that Order to certify an interlocutory appeal of the implied-in-fact contract claim determination pursuant to 28 U.S.C. § 1292(b). Defendant opposes the motion. (Doc. 153.) For the following reasons, the motion is denied.

The United States Courts of Appeal generally have jurisdiction over appeals from "final decisions of the district courts." 28 U.S.C. § 1291. An exception exists under 28 U.S.C. § 1292(b), "which provides a mechanism by which litigants can bring an immediate appeal of a non-final order upon the consent of both the district court and the court of appeals." *In re Cement Antitrust Litig. (MDL No. 296)*, 673 F.2d 1020, 1025–26 (9th Cir. 1981). Certification for immediate review is appropriate only when the order at issue (1)

b
involves a controlling question of law, (2) as to which there is a "substantial ground for difference of opinion," and (3) an immediate appeal may "materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). "All three requirements must be met for certification to issue under that statute." *Villarreal v. Caremark LLC*, 85 F. Supp. 3d 1063, 1067 (D. Ariz. 2015) (citations and alteration omitted). The party seeking certification "has the burden of showing that exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *Fukuda v. Cnty. of Los Angeles*, 630 F. Supp. 228, 229 (C.D. Cal. 1986) (citation and quotations omitted). Even upon such a certification, "the court of appeals nevertheless has discretion to reject the interlocutory appeal, and does so quite frequently." *James v. Price Stern Sloan, Inc.*, 283 F.3d 1064, 1068 n.6 (9th Cir. 2002).

Plaintiff first argues that "there is no material dispute" that the breach of implied-in-fact contract claim presents a "controlling question of law." (Doc. 150 at 3.) The Court does not agree. Although the statute does not define a "controlling question of law," courts have found that examples include "fundamental issues such as the determination of who are necessary and proper parties, whether a court to which a case has been transferred has jurisdiction, or whether state or federal law should be applied." *Villarreal*, 85 F. Supp. 3d at 1068 (citation and quotations omitted). Plaintiff's assertion that the claim was his "basic plea for justice" does not render it a controlling question of law, particularly given that the copyright infringement claim remains. (Doc. 150 at 3.) Further, the focus of this inquiry is on whether "allowing an interlocutory appeal would avoid protracted and expensive litigation." *In re Cement Antitrust Litig.*, 673 F.2d at 1026. That is not true in this case, in which a three-day jury trial is set to commence in less than two months, on June 7, 2021. (Doc. 152.) Because trial would remain necessary regardless of the outcome of Plaintiff's requested interlocutory appeal, certification would not avoid "protracted and expensive" litigation. 28 U.S.C. § 1292(b). For this reason, the motion will be denied.

Further, although it need not reach it, the Court also disagrees with Plaintiff that a "substantial ground for difference of opinion" exists. 28 U.S.C. § 1292(b). Courts "examine

d

- 2 -

to what extent the controlling law is unclear" in making this determination. *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010). The Court is not convinced that the law underlying Plaintiff's breach of implied-in-fact contract claim is unclear. Rather, Plaintiff disagrees with the Court's interpretation of the law—and a "party's strong disagreement with the Court's ruling is not sufficient for there to be a substantial ground for difference." *Id.* (citation omitted). The motion also fails for this independent reason.

Lastly, it is not true that an interlocutory appeal "may materially advance the ultimate termination of the litigation" in this case. 28 U.S.C. § 1292(b). As noted, trial is set to begin in less than two months. Where "the Court concludes certification would actually delay the resolution of the litigation, certification is not appropriate." *Rieve v. Coventry Health Care, Inc.*, 870 F. Supp. 2d 856, 880 (C.D. Cal. 2012) (citation omitted). According to the most recently published statistics, the median disposition of a civil case in the Ninth Circuit Court of Appeals is 15.3 months.[*] Even assuming a shorter duration for interlocutory appeals, the Court can say with near certainty that an interlocutory appeal in this case would delay, rather than advance, the termination of this litigation. This case accordingly does not present the "exceptional circumstances" necessary for certification pursuant to 28 U.S.C. § 1292(b). Accordingly,

**IT IS ORDERED denying** Plaintiff Ralph T. Reilly's Motion to Amend the Court's March 2, 2021 Order to Permit Interlocutory Appeal. (Doc. 150.)

Dated this 13th day of April, 2021.

Michael T. Liburdi
United States District Judge

---

[*] *See U.S. Courts of Appeals—Median Time Intervals in Months for Civil and Criminal Appeals Terminated on the Merits, by Circuit, During the 12-Month Period Ending September 30, 2020*, United States Courts, https://www.uscourts.gov/sites/default/files/data_tables/jb_b4a_0930.2020.pdf (last visited April 13, 2021).