UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Ralph T. Reilly, an individual,<br><br>               Plaintiff,<br><br>  vs.<br><br>Steve Wozniak, an individual; Woz U Education LLC, an Arizona limited liability company; Woz U Education Holdings, LLC, a Delaware limited liability company; Southern Careers Institute, Inc., a Texas corporation,<br><br>              Defendants | Case No. 2:18-cv-03775-PHX-MTL<br>(Honorable Michael T. Liburdi)<br><br>**JOINT PROPOSED FINAL PRETRIAL ORDER** |

Following is the Joint Proposed Final Pretrial Order to be considered at the Final Pretrial Conference in this case set for Friday, May 21, 2021 at 10:00 AM.

**A. Trial Counsel**

Provide the mailing address, email address, office and cell phone number, and fax number of trial counsel for:

Plaintiff(s):

    Raymond J. Markovich
    *Admitted pro hac vice*
    U.S. LAW GROUP
    427 N. Canon Drive
    Beverly Hills, CA 90210
    Mob: 323-401-8032
    Tel: 212-634-4545
    Fax: 212-634-4546
    Email: ray@uslawgroupinc.com

Defendant(s):
Aaron M. Finter
Schern Richardson Finter, PLC
1640 S. Stapley Drive
Suite 132, Mesa, Arizona 85204
aaron@srflawfirm.com
480-632-1929 (office)
480-652-9190 (cell)

John C. Sarager
Schern Richardson Finter, PLC
1640 S. Stapley Drive
Suite 132, Mesa, Arizona 85204
jcs@srflawfirm.com
480-632-1929 (office)
623-229-9716 (cell)

**B.  Statement of Jurisdiction**

1. This Court has original federal question jurisdiction over this action pursuant to 28 U.S.C. §1331 because this action arises under the Copyright Act of 1976 as amended, 28 U.S.C. §501.

2. This Court also has jurisdiction by reason of complete diversity of citizenship pursuant to 28 U.S.C. §1332(a)(1) because Reilly, on the one hand, and each of the Defendants on the other hand, are citizens of different states and because the amount in controversy is greater than $75,000.

3. This Court has personal jurisdiction over each Defendant by reason of each Defendant's affirmative acts in the State of Arizona including <u>inter</u> <u>alia</u> the formation of Woz Arizona, and the marketing and publicity of Woz U pursuant to the laws of the State of Arizona.

Venue in this District is proper pursuant to 28 U.S.C. §1391(b) in that some of the Defendants reside and maintain their primary places of business in this judicial district, a substantial part of the events and omissions giving rise to

the claims occurred in this judicial district, and because the Defendants are subject to this Court's personal jurisdiction as each has conducted business from, resides in and/or has sufficient minimum contacts with this judicial district such that the ends of justice will be met by laying venue in this district.

**4.     Stipulations and Uncontested Facts and Law**

The following material facts are admitted by the parties and require no proof:

1.     Plaintiff Ralph Reilly ("Reilly") is an individual citizen of the State of Connecticut.

2.     Defendant Steve Wozniak ("Woz") is an individual citizen of the State of California.

3.     Defendants Woz U Education Holdings LLC ("Woz Delaware") and WOZ U Education LLC ("Woz Arizona") are limited liability companies organized, respectively, under the laws of Delaware and Arizona, with their principal places of business in the State of Arizona.

4.     Defendant Southern Careers Institute Inc.("SCI") is a corporation organized under the laws of the State of Texas with its principal place of business in the State of Texas.

5.     Reilly applied for and obtained copyright protection under the Copyright Act of 1976, as amended., for graphic images and photographs and tangible expressions created by Reilly. ("Reilly Copyrighted Works").

The following material facts, although not admitted, will not be contested at trial by evidence to the contrary:

None.

**D.     Contested Issues of Fact and Law**

1.      The following are the material issues of fact to be tried and decided:

Issue No. 1: Whether the Defendants and each of them had access to Reilly's Copyrighted Work?

Plaintiff: Defendants have conceded that Defendant Wozniak had access to Reilly's Copyrighted Work and as a result all Defendants as direct, vicarious or contributory infringers.

Defendants: There is no evidence that any of the Defendants viewed, copied, or distributed Reilly's Copyrighted Work.

Issue No. 2: Whether Defendants copied original elements from Reilly's Copyrighted Work?

Plaintiff: Defendants copied original elements from Reilly's Copyrighted Work as shown in the marketing and publicity materials for Woz U.

Defendants: There is no evidence that Defendants copied any original elements from Reilly's Copyrighted Work, the marketing and branding for WozU was performed by an outside vender hired by Defendant WozU Education Holdings, LLC.

Issue No. 3: Whether Reilly's Copyrighted Work is substantially similar to written and pictorial materials used by Defendants?

Plaintiff: Reilly's Copyrighted Work is substantially similar to written and pictorial materials used by Defendants.

Defendant: There is no substantial similarity between the website created Plaintiff and the website and logo utilized by Defendant WozU Education Holdings, LLC.

Issue No. 4: Whether the website for WozU is the product of independent creation.

Plaintiff: The website for WozU is not the product of independent creation but copied from Reilly's Copyrighted Work.

Defendants: Defendant WozU Education Holdings, LLC did not create its

own website. Rather, it sent out a request for proposal to multiple companies and ultimately hired a company that performed work related to the branding and marketing of WozU, which included the creation of its website and logo. There is no evidence that the Plaintiff's Copyrighted Work was provided to or viewed by the company that created the website and logo for WozU.

Issue No. 5: Whether the Plaintiff is entitled to recover profits attributable to the alleged infringement or statutory damages?

Plaintiff: Plaintiff is entitled to recover profits attributable to the alleged infringement or statutory damages. Defendants own documents produced in discovery and deposition testimony prove Plaintiff's damages.

Defendants: Defendants incorporate the arguments raised in their Motion In Limine No. 1. Additionally, the Defendants argue that the Plaintiff has failed to present any documents, witnesses or expert witnesses to establish any alleged damages.

Issue No. 6: Whether each of the Defendants are contributory infringers of Reilly's Copyrighted Work or vicariously liable for Defendants' copyright infringements?

Plaintiff: Each of the Defendants are direct or contributory infringers of Reilly's Copyrighted Work or are vicariously liable for Defendants' copyright infringements.

Defendants: Defendants incorporate the arguments raised in their Motion in Limine No. 2. The Plaintiff has not established the necessary elements to demonstrate liability under either legal theory.

The following are the issues of law to be determined:

a. Have each of the Defendants either infringed or contributed to the infringement or are vicariously liable for infringement of Reilly's Copyright?

Plaintiff: Each of the Defendants either infringed or contributed to the

infringement or are vicariously liable for infringement of Reilly's Copyright.

Defendants: Defendants assert that the Plaintiff has failed to establish and will be unable to establish at trial that the Defendants, and each of them, infringed on the Plaintiffs' Copyrighted Work.

**E.     Witness List**

1. Plaintiff's Trial Witnesses

    a. Plaintiff Ralph Reilly – Reilly is a fact witness who may be contacted through Plaintiff's counsel. Reilly will testify to all allegations contained in the complaint.

    b. Defendant Steve Wozniak – Wozniak is a fact witness who may be contacted through Defendants' counsel. Wozniak will testify concerning the issues raised in the complaint, his agreement(s) with the other defendants, compensation received and Woz U.

    c. Ken Hardesty – Hardesty is a fact witness who may be contacted through Defendants' counsel. Hardesty will testify concerning the issues raised in the complaint, his agreement(s) with the other defendants, compensation received and Woz U.

2. Defendants' Witness List

    a. Jacob Mayhew – Mayhew is the CEO of WOZ U Education Holdings, LLC, and will testify concerning all issues raised in the Complaint. This witness is expected to testify regarding the formation of WozU, the process by which its website was created, the trademarks and copyrights obtained by WozU, and the relationship between the Defendants. Specifically, this witness is expected to testify that the curriculum existed before the change in the name of the school from Coder Camps to WozU. The WozU website and logo was created by an outside company that was retained to assist in the branding and marketing of WozU. He will further testify regarding the history and relationship between the entity defendants and their

6

predecessors.

b. Ken Hardesty. Hardesty is a fact witness who will testify regarding his communications with the Plaintiff and Defendants concerning all issues in the Complaint. He is expected to testify regarding Wozniak's agreement with WOZ U Education Holdings, LLC and Wozniak's involvement in the operations of WOZ U, or more correctly, the lack thereof. He is expected to testify that Hardesty and Wozniak had no input in the creation of any curriculum, website or logo utilized by WOZ U, and that Wozniak has no relationship with SCI. Hardesty is expected to testify consistent with the deposition testimony given in this action.

c. Steve Wozniak – Wozniak is a fact witness that will testify that he hasn't spoken to anyone associated with SCI. He will further testify that he never viewed the Plaintiff's Copyrighted Work. He will testify that WOZ U approached him, through Hardesty, to request a license to use his name and likeness in connection with their existing school. He is expected to testify consistent with the deposition testimony given in this action.

d. Jennifer Rumbold– Ms. Rumbold is expected to testify regarding the Relationship between SCI and WOZ U Education Holdings, the facts surrounding the execution of the Master Services Agreement. This witness is expected to testify that SCI had no involvement in the creation of the website and logo utilized by WozU, and never received a copy of the Plaintiff's Copyrighted Work and has no authority to direct the other entity Defendants.

e. Matthew Hawes - Mr. Hawes may be called to testify at trial. Mr. Hawes will testify regarding the Relationship between SCI and WOZ U Education Holdings, the facts surrounding the execution of the Master Services Agreement. This witness is expected to testify that SCI had no involvement in the creation of the website and logo utilized by WozU, and never received a copy of the Plaintiff's Copyrighted Work and has no authority to direct the other entity Defendants.

"Each party understands that it is responsible for ensuring that the witnesses it wishes to call to testify are subpoenaed. Each party further understands that any witness a party wishes to call must be listed on that party's list of witnesses; the party cannot rely on the witness having been listed or subpoenaed by another party."

**F.     Exhibit List**

    1.     The following exhibits are admissible in evidence and may be marked in evidence by the Courtroom Deputy Clerk:

        a.     Plaintiff's Exhibits:

            (12)   Website, Logo and/or Demo – MSJ Ex. H (RTR000047-RTR000058).

            (13)   Copyright application(s) - MSJ Ex. I.

            (16)   Copyright Registrations (RTR000079-RTR000084 and Copyright Registration TX8-663-405)

        b.     Defendant's Exhibits:

            (17) Hardesty Email dated April 29, 2013 (RTR000089-91)

            (18) Plaintiff's undated email to Hardesty(RTR000099)

            (19) Master Services Agreement with Southern Careers Institute (WOZ00130-151)

            (20) Bulbenko Imaging (WOZU00260-261)

            (21) Getty Images (WOZ00262)

            (22) Excel Spreadsheet (WOZU00095)

            (23) Defendants' Discovery Package Upon Plaintiff

            (24) Plaintiff's Responses to Defendants' Discovery Package

    2.     The parties have reached the following stipulations regarding the following exhibits:

        a.     Plaintiff's Exhibits: All Exhibits stipulated as to authenticity. All other objections set forth below.

b. Defendants' Exhibits: All Exhibits stipulated as to authenticity. All other objections set forth below.

3. The party against whom the following exhibits are offered objects to their admission as stated below:

    a. Plaintiff's Exhibits:

        (1) Plaintiff's Complaint with all exhibits. Defendant objects based upon hearsay, relevance and foundation.

        (2) License Agreement between Woz and WozU Education Holdings (WOZU00222-00239). Defendant objects based upon hearsay, relevance and foundation.

        (3) Operating Agreement for WozU Education Holdings – MSJ Ex. Q (WOZU00152-WOZU00221). Defendant objects based upon hearsay, relevance and foundation.

        (4) Operating Agreement for Andover Education, LLC (WOZU00001-WOZU00056). Defendant objects based upon hearsay, relevance and foundation.

        (5) Correspondence - MSJ Ex. A (RTR000016). Defendant objects based upon hearsay, relevance and foundation.

        (6) Correspondence - MSJ Ex. B (RTR000018-RTR000019). Defendant objects based upon hearsay, relevance and foundation.

        (7) Charter Oak Agreement – MSJ Ex. C (RTR000021-RTR000030). Defendant objects based upon hearsay, relevance and foundation.

        (8) Photo of Wozniak and Reilly - MSJ Ex. D (RTR000032). Defendant objects based upon foundation and relevance.

        (9) Correspondence - MSJ Ex. E (RTR000034). Defendant

objects based upon hearsay, relevance and foundation.

  (10) Apollo Deal - MSJ Ex. F (RTR000036-RTR000042). Defendant objects based upon hearsay, relevance and foundation.

  (11) Apollo Deal 2 - MSJ Ex. G (RTR000044-RTR000045). Defendant objects based upon hearsay, relevance and foundation.

  (14) WozU Education Holdings Financial Statements – MSJ Ex. O (WOZU00096-WOZU00129). Defendant objects based upon hearsay, relevance and foundation. Defendant incorporates the arguments raised in the Defendants' Motion in Limine No. 1.

  (15) Correspondence – MSJ Ex. P (RTR000085-RTR000099). Defendant objects based upon hearsay, relevance and foundation.

 b. Defendant's Exhibits:

4. If there are more than 20 exhibits, the parties must email their exhibit lists in Word format, at least five days before trial, to liburdi_chambers@azd.uscourts.gov.

5. The offering party shall bring <u>all</u> marked exhibits the morning of trial.

"Each party hereby acknowledges by signing this Joint Proposed Final Pretrial Order that any objections not specifically raised herein are waived."

**G. Depositions to be Offered**

 **1. Plaintiff**

  A. Deposition of Wozniak.

  B. Deposition of Hardesty.

  C. Deposition of Reilly.

**2. Defendants**

    A. Plaintiff Reilly

p.34, lines 15-22

p.35, lines 1-5

p.35, line 14 – p.36, line 22

p.37, lines 2-11

p.37, lines 18-24

p.38, lines 3-9

p.38, lines 15-18

p.43, lines 1-5

p.43, lines 14-20

p.45, lines 2-5

p.45, lines 11-14

p.45, lines 19-24

p.46, lines 6-10

p.46, lines 14-17

p.47. lines 2-6

p.47, line 24- p.48, line 7

p.48, lines 17-21

p.68, lines 6-12

p.75, lines 7-9, 24-25

p.76, lines 5-10

    2. Defendant Wozniak

p.19, lines 16-20.

p.20, lines 4-11

p.22, lines 16-20

p.26, lines 1-13

p.26, line 25 – p. 27, line 9

p.30, lines 9-13

    3. Ken Hardesty

p.9, lines 15-17

p.18, lines 15-21

p.26, lines 9-10

p.34, lines 6-10

p.34, lines 17-20

p.38, lines 2-5

p.39, lines 5-21

p.39, lines 22-24

p.40, lines 2-8

**H.**    **Motions in Limine (Jury Trial Only)**

   1. Defendants' Motion in Limine No. 1 Regarding Plaintiff's Damages

   2. Defendants' Motion in Limine No. 2 Regarding Contributory and Vicarious Copyright Infringement

**I.**    **Pending Motions**

None, other than the pending Motions in Limine.

**J.**    **Procedures for Expediting Trial**

No proposals

**K.**    **Estimated Length of Trial**

   <u>  4  </u> hours for jury selection (if applicable);

    <u>  4   </u> hours for opening statements and closing arguments;

    <u>  8   </u> hours for Plaintiff's case, including cross-exam of other parties' witnesses;

    <u>  8   </u> hours for Defendants' case, including cross-exam of other parties' witnesses;

    <u> 24  </u> hours total.

**L.** **Proposed Trial Dates**

June 7-9, 2021

**M.** **Jury Demand**

State whether a jury trial has been requested. If a jury trial has been requested, indicate the appropriate selection:

1. The parties stipulate that the demand for a jury trial was timely.

**N.** **Proposed Findings of Fact and Conclusions of Law (Bench Trial Only)**

Not applicable.

**O.** **Voir Dire, Jury Instructions, and Forms of Verdict (Jury Trial Only)**

The Parties Joint Proposed Jury Instructions, Joint Proposed Voir Dire and Forms of Verdict will be filed contemporaneously herewith.

**P.** **Certifications**

Final Pretrial Order: "The undersigned counsel for each of the parties in this action do hereby certify and acknowledge the following: (1) All discovery has been completed; (2) The identity of each witness has been disclosed to opposing counsel; (3) Each exhibit listed herein is in existence, is numbered, and has been disclosed and shown to opposing counsel; (4) The parties have complied in all respects with the mandates of the Court's Rule 16 Scheduling Order and Order Setting Final Pretrial Conference; (5) The parties have made all of the disclosures required by the Federal Rules of Civil Procedure (unless otherwise previously

ordered to the contrary)[1]; and (6) The parties acknowledge that once this Joint Proposed Final Pretrial Order has been signed and lodged by the parties, no amendments to this Order can be made without leave of Court."

| | |
|---|---|
| /s/ Raymond J. Markovich<br>Raymond J. Markovich<br>Attorney for Plaintiff | /s/ Aaron M. Finter<br>Aaron M. Finter<br>Attorney for Defendants |

Based on the foregoing,

**IT IS ORDERED** that this Joint Proposed Final Pretrial Order jointly submitted by the parties is hereby **APPROVED** and **ADOPTED** as the Final Pretrial Order of this Court.

**Dated** this _____ day of _____, 2021.

---

[1] As set forth in the Motions in Limine filed in this action, The Defendants have asserted that the Plaintiff failed to disclose its damage calculations and legal theories for contributory and vicarious copyright infringement.