**WO**

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ralph T Reilly, | No. CV-18-03775-PHX-MTL |
| Plaintiff, | **ORDER** |
| v. | <u>**NOT FOR PUBLICATION**</u> |
| Steve Wozniak, et al., | |
| Defendants. | |

This matter is set for trial on Plaintiff's remaining claims of copyright infringement and declaratory relief.[1] Defendants have filed two Motions *in Limine*. The first Motion, concerning Plaintiff's copyright damages (Doc. 156), is denied without prejudice. The second, concerning contributory and vicarious copyright infringement (Doc. 157), is granted.

### I.

### A.

Defendants move, under Rule 37(c)(1), Fed. R. Civ. P., to preclude Plaintiff "from introducing or referring to any evidence, including argument, documents or testimony, related to any alleged damage calculation pertaining to Plaintiff's claim for copyright infringement." (Doc. 156 at 5.) Defendants contend that Plaintiff failed to provide a computation of his damages as required under Rule 26(a)(1)(A)(iii), Fed. R. Civ. P.

---

[1] Although Plaintiff's Complaint included declaratory relief as a separate claim, the Court has previously indicated that it construes the request for declaratory relief as a requested remedy, rather than as a separate cause of action. (Doc. 145 at 15–16.)

(requiring that a party, in its initial disclosure statement, provide "a computation of each category of damages claimed by the disclosing party."). The Rule obligates a party to supplement this disclosure throughout the case.

Defendants further contend that Plaintiff has failed to satisfy his disclosure obligations under subsection (B)(5) of this Court's General Order 17-08, the Mandatory Initial Discovery Pilot ("MIDP"), requiring that a party "[p]rovide a computation of each category of damages claimed by you, and a description of the documents or other evidentiary material on which it is based, including materials bearing on the nature and extent of the injuries suffered." Finally, Defendants argue that Plaintiff failed to respond adequately to damages-related discovery requests.

Supporting their position, Defendants provide the following damages disclosures. In his complaint, Plaintiff requests "(A) damages to be proven at trial but no less than $1,000,000" and "(B) Defendants' and each of their profits from the use, exploitation and turning to account of [Plaintiff's] Work." (Doc. 156 at 2; Doc. 1 ¶ 36.) In his MIDP initial disclosure, Plaintiff states that his

> best computation of damages is as follows: . . . A. For actual, general, compensatory and consequential damages in an amount to be proven at trial, but no less than $1,000,000. B. For the reasonable and fair value of Reilly's Work in an amount to be proven at trial but no less than $1,000,000. C. For disgorgement of Defendant's and each of their profits from the use, exploitation and turning to account of [Plaintiff's] Copyrighted Works.

(Doc. 156 at 2.)

In response to a request for production seeking "copies of all Documents evidencing the not less than $1,000,000 in damages the Plaintiff is seeking to recover . . . ," Plaintiff responded that he "has not commenced discovery of the gross receipts realized by Defendants and each of them from use, application and exploitation of [Plaintiff's] Work and [Plaintiff's] Copyright Work as defined in the Complaint ¶¶ 1A, 9." (*Id*. at 2–3.)

Plaintiff opposes the Motion on the basis that the MIDP disclosure obligation

applies only to "documents then in possession of the responding party . . . . [and] [t]he evidence of Defendants' profits is and was at all time in the exclusive possession of Defendants." (Doc. 160 at 3.) Plaintiff also argues that he disclosed his

> specific damage calculation to Defendants in his settlement conference memorandum. . . . That calculation was based on documents produced by Defendants which show: (a) the advance paid by other Defendant to Defendant Wozniak and (b) Defendants' own valuation of their business based on infringement of Plaintiff's work as shown in the "put price."

(*Id*. at 4.)

**B.**

Under the Copyright Act, 17 U.S.C. § 504(b), "[a] copyright owner is entitled to recover the actual damages suffered by him or her as a result of the infringement, and any profits of the infringer that are attributable to the infringement and are not taken into account in computing the actual damages." The Act further provides, "[i]n establishing the infringer's profits, the copyright owner is required to present proof only of the infringer's gross revenue, and the infringer is required to prove his or her deductible expenses and the elements of profit attributable to factors other than the copyrighted work." 17 U.S.C. § 504(b). In *Polar Bear Productions, Inc. v. Timex Corp*., 384 F.3d 700 (9th Cir. 2004), the Ninth Circuit held that "a causal link between the infringement and the monetary remedy sought is a predicate to recovery of both actual damages and profits." *Id*. at 708.

In this case, Plaintiff did not provide an "ideal" computation of his actual damages or any gross profits attributable to the alleged infringement. He simply stated, without any differentiation or explanation, that he intended to prove damages of "not less than $1,000,000" and that certain unidentified documents supporting disgorgement were produced by Defendants. *Compare AFL Telecommunications LLC v. SurplusEQ.com Inc*., 946 F. Supp. 2d 928 (D. Ariz. 2013) (discussed in 8A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2053 n.59 (3d ed. 2013) ("A distributor of fusion splicers adequately disclosed its computation of damages and underlying documents on

which the computation was based. It disclosed . . . a separate calculation for a copyright claim, as well as a detailed calculation showing a competitor's profits and plaintiff's lost profits.")).

Nor does it appear that Plaintiff has disclosed a theory or evidence supporting causation between the alleged infringing conduct and his claimed damages. The only real damages disclosure is found in Plaintiff's settlement conference memorandum of May 21, 2020.[2] Plaintiff calls this a disclosure because he provided a copy to the Defendants' attorney as a means of facilitating the settlement conference. In the memorandum, Plaintiff reasons that, in his opinion, he is entitled to (A) 50% of the cash compensation paid by Defendant Woz U Education Holdings, LLC to Defendant Wozniak and (B) 50% of the receipts for the combined membership interests in Woz U. These demands are further supported with rudimentary calculations in an attached demand letter.

The Court will recognize Plaintiff's settlement memorandum as a damages calculation disclosure. While Plaintiff appears to have mailed-in his required damages computation, a broad sanction under Rule 37(c)(1) prohibiting Plaintiff from making any damages argument or introducing any evidence of damages is overbroad and unwarranted. This is particularly so because Defendants could have, but did not, sought an order during discovery compelling Plaintiff to make a more fulsome disclosure. Additionally, the availability of trial objections for previously undisclosed testimony and other evidentiary material remains an adequate remedy. The Motion (Doc. 156) will, therefore, be denied without prejudice. Defendants may make an appropriate objection at trial if any previously undisclosed documents, damages theories, or damages computations are presented at trial.

## II.

Defendants move for an order precluding Plaintiff "from introducing or referring to any evidence, including argument, documents or testimony, related to any alleged contributory or vicarious copyright infringement by Defendants as Plaintiff has disclosed no such legal theory or brought any such claims in this action." (Doc. 157 at 1.) Defendants

---

[2] Plaintiff attached a redacted portion of the settlement memorandum to his response. (Doc. 160-2 at 4–6.) The full settlement memorandum was provided for *in camera* review.

1   argue that the Complaint states that "Defendants and each of them infringed" on Plaintiff's

2   copyrighted works, but that Plaintiff's counsel has now indicated he "may bring claim

3   against the Defendants for contributory copyright infringement." (*Id*. at 3.) Defendants

4   assert that Plaintiff never disclosed any legal theory regarding contributory or vicarious

5   copyright infringement.

6          Plaintiff responds that Defendants intend to use a motion *in limine* as an

7   "unauthorized motion to dismiss certain Defendants for alleged failure to plead a 'legal

8   theory' in the Complaint and failure to disclose that 'legal theory' in Plaintiff's initial

9   disclosures in alleged violation of General Order 17-08." (Doc. 161 at 2–3.) Plaintiff also

10  argues that the Complaint's allegation that each Defendant "infringed Reilly's Copyrighted

11  Work in the marketing and publicity of Woz U" was a "sufficient allegation of both direct,

12  contributory and/or vicarious liability." (*Id*. at 3; Doc. 1 ¶ 13.)

13         Contributory and vicarious copyright infringement are distinct claims with unique

14  standards of proof that must be alleged separately from direct copyright infringement. "A

15  party engages in contributory copyright infringement when it (1) has knowledge of

16  another's infringement and (2) either (a) materially contributes to or (b) induces that

17  infringement." *Erickson Prods., Inc. v. Kast*, 921 F.3d 822, 831 (9th Cir. 2019). "To prevail

18  on a vicarious liability claim, [plaintiff] must prove [defendant] has (1) the right and ability

19  to supervise the infringing conduct and (2) a direct financial interest in the infringing

20  activity." *Id.* at 829 (quoting *VHT, Inc. v. Zillow Group, Inc*., 918 F.3d 723, 745 (9th Cir.

21  2019)).

22         The Court agrees with Defendants that Plaintiff should be precluded from presenting

23  argument and evidence on contributory and vicarious infringement theories. Plaintiff did

24  not assert these claims in his complaint, nor did he seek to amend his complaint to include

25  them. Only now, at the eve of trial, has Plaintiff indicated that these claims will go forward.

26  Allowing Plaintiff to present these theories at trial, however, "would prejudice the

27  defendant who faces different burdens and defenses under this [previously undisclosed]

28  theory of liability." *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1292 (9th Cir. 2000).

This late disclosure also violates this District's MIDP Order. *See IceMOS Tech. Corp. v. Omron Corp.*, No. 17-CV-02575, 2020 WL 2527018, at *3 (D. Ariz. May 18, 2020) ("General Order No. 17-08 requires parties to 'fairly expose the facts and issues to be litigated' within their initial discovery response and provide 'adequate notice of what arguments will be made.'"). The Motion (Doc. 157) will be granted.

**III.**

Accordingly, **IT IS ORDERED**:

1.      Defendants' Motion *in Limine* No. 1 RE: Plaintiff's Damages (Doc. 156) is **denied without prejudice**. Defendants may raise appropriate objections at trial regarding Plaintiff's failure to timely disclose any particular document, evidentiary material, or damages computation.

2.      Defendants' Motion *in Limine* No. 2 RE: Contributory and Vicarious Copyright Infringement (Doc. 157) is **granted**. Plaintiff is precluded from introducing or referring to any evidence, including argument, documents, or testimony at trial, regarding any contributory or vicarious copyright infringement on the part of Defendants.

Dated this 26th day of May, 2021.

Michael T. Liburdi
United States District Judge