**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ralph T Reilly, | No. CV-18-03775-PHX-MTL |
| Plaintiff, | **ORDER** |
| v. | |
| Steve Wozniak, et al., | |
| Defendants. | |

Defendants Steve Wozniak ("Wozniak"), Woz U Education LLC, Woz U Education Holdings, LLC, and Southern Careers Institute, Inc. (collectively, "Defendants") filed a Motion for Attorneys' Fees and Costs pursuant to 17 U.S.C. § 505 and LRCiv 54.2. (Doc. 192.) For the following reasons, the Court grants the Motion.[1]

## I.      BACKGROUND

Plaintiff Ralph T. Reilly commenced this action against Defendants in November 2018. (Doc. 1.) Plaintiff alleged that Defendants "used, applied, and exploited" Plaintiff's copyrighted work in marketing and publicizing an education technology platform called "Woz U." (*Id.* ¶¶ 12, 13.) Plaintiff alleged claims of breach of an implied-in-fact contract, money had and received, copyright infringement, declaratory relief, and accounting. (*Id.*)

Reilly is an Assistant Professor of Management Information Systems at the Barney School of Business, University of Hartford. (Doc. 1 ¶ 3; Doc. 99 at 2.) In September 2010, he emailed Wozniak, the co-founder of Apple Computers Inc., expressing his desire to start

---

[1] Miranda Martinez, a second-year law student at the Sandra Day O'Connor College of Law at Arizona State University, assisted in drafting this Order.

a "high tech" university. (Doc. 1 ¶ 4; at 16.) Wozniak replied, noting Reilly's "great idea." (*Id.*) Wozniak provided some advice but explained that he was "too busy to do anything more." (*Id.* at 16.) Plaintiff claims that he and Wozniak took steps to develop the idea over the next two years. (*Id.*) Plaintiff also claims that he created a website and logo for the project and obtained copyright protection for the "graphic images, photographs, and tangible expressions" attached as Exhibit I to the Complaint. (*Id.* at 4.)

Plaintiff later discovered that Wozniak had entered into a business arrangement with Defendant Southern Careers Institute, Inc. to develop Woz U. (Doc. 1 ¶ 10.) Plaintiff argued that, "[a]s introduced to the public, Woz U included graphic design, course design and course outline which were substantially similar" to those created by Plaintiff and disclosed to Wozniak. (Doc. 128 at 6.) Plaintiff nevertheless emailed Wozniak to congratulate him on the launch of Woz U. (Doc. 1 ¶ 14.) Wozniak responded, stating, "You are right on the mark. You had the right idea . . . I doubt it would have happened without your initial idea." (*Id.*) Plaintiff initiated this action after Wozniak refused to compensate Plaintiff for what he claimed to be his idea. (*Id.* at 7.)

On Defendants' Motion to Dismiss, the Court dismissed Plaintiff's claims for money had and received and accounting as preempted by the Copyright Act. (Doc. 99.) The Motion was also denied with respect to Plaintiff's claim for declaratory relief.[2] (*Id.*) The Court then granted Defendants' Motion for Summary Judgment as to Plaintiff's claim for breach of implied-in-fact contract, but denied summary judgment as to Plaintiff's claims for copyright infringement and declaratory judgment. (Doc. 180.)

In June 2021, jury trial commenced concerning Plaintiff's claim for copyright infringement. (Doc. 173.) The Jury returned a verdict in favor of Defendants. (Doc. 182.) Defendants now seek attorneys' fees and costs in the amount of $156,474.19. (Doc. 192 at 1.) This figure consists of $153,270.00 in attorneys' fees and

---

[2] The Court construed Plaintiff's request for declaratory judgment as a request for a remedy, rather than as a separate cause of action. (Doc. 145 at 16.) *See Snyder v. HSBC Bank, USA, N.A.*, 913 F. Supp. 2d 755, 770 (D. Ariz. 2012) (noting that a declaratory judgment "is a remedy for an underlying cause of action; it is not a separate cause of action.").

$3,204.19 in costs, plus all costs and fees associated with filing a reply in support of its Motion for Attorneys' Fees. (*Id.*)

## II.   LEGAL STANDARD

The Court has significant discretion under the Copyright Act, 17 U.S.C. § 505, to award reasonable attorneys' fees to the prevailing party. *Moi v. Chihuly Studio, Inc.*, 846 F. App'x 497, 500 (9th Cir. 2021). In determining whether to exercise such discretion, the court might consider: (1) the degree of success obtained, (2) motivation, (3) frivolousness, (4) the objective unreasonableness of the losing party's arguments, and (5) the need to advance considerations of compensation and deterrence. *Love v. Assoc'd Newspapers, Ltd.*, 611 F.3d 601, 614 (9th Cir. 2010). The factors are not exclusive and do not all need to be met. *Fantasy, Inc. v. Fogerty*, 94 F.3d 553, 558 (9th Cir. 1996).

If a court determines that fees are warranted under the Copyright Act, the court must then consider the reasonable value of the work performed. *The Traditional Cat Ass'n v. Gilbreath*, 340 F.3d 829, 833 (9th Cir. 2003). Courts have significant discretion in determining whether an award of attorneys' fees is reasonable. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). The reasonableness of a requested fee award is generally analyzed under the lodestar approach, which is calculated by multiplying the number of hours reasonably expended by a reasonable hourly rate. *Camacho v. Bridgeport Fin., Inc*, 523 F.3d 973, 978 (9th Cir. 2008); *Intel Corp. v. Terabyte Int'l Inc.*, 6 F.3d 614, 622 (9th Cir. 1993).

## III.   DISCUSSION

### A.   Award of Attorneys' Fees

The Court's analysis begins with a discussion of the five factors courts might consider in determining whether to award reasonable attorneys' fees to the prevailing party under the Copyright Act.  The factors in this case favor an award of attorneys' fees.

#### i.   Degree of Success Obtained

Defendants argue that this factor weighs in favor of awarding attorneys' fees because they prevailed on the claims and "Plaintiff's claims were completely lacking in

any merit." (Doc. 192 at 4.) Plaintiff contends that while the jury ultimately found in favor of Defendants, an award of attorneys' fees would not further the purposes of the Copyright Act. (Doc. 198 at 4.)

A district court may consider, among other things, the total success on the merits in deciding whether to grant attorneys' fees. *See Inhale, Inc. v. Starbuzz Tobacco, Inc.*, 755 F.3d 1038, 1042 (9th Cir. 2014). The focus in the fees determination, however, is whether successful prosecution or defense furthers the purposes of the Copyright Act. *Shame On You Prods., Inc. v. Banks*, 893 F.3d 661, 667 (9th Cir. 2018) (noting district court did not err in placing greater emphasis on the outcome of the Copyright Act claim since the focus in a fees determination is whether it furthers the purpose of the Copyright Act).

In the present case, Defendants prevailed on the merits with regard to all three of Plaintiff's substantive claims for relief. (Doc. 99, Doc. 145 at 16.) The Court granted Defendants' Motion to Dismiss for failure to state a claim with respect to Plaintiff's claims for money had and received and accounting. (Doc. 99 at 20.) The Court also granted Defendants' Motion for Summary Judgment on Plaintiff's claim for breach of implied-in-fact-contract. (Doc. 145 at 16.) As such, the only claim remaining at trial was Plaintiff's claim for copyright infringement. (*Id.*) The Jury returned a verdict in favor of Defendants on this claim. (Doc 182.) Defendants' success on the merits of several claims leading up to trial bolsters Defendants' overall degree of success in this litigation. While courts should place the most emphasis on the outcome of the copyright claim, other claims may be considered with less weight in the overall analysis. *Shame On You Prods, Inc.*, 893 F.3d at 667. Defendants also prevailed in defending against Plaintiff's copyright infringement claim. Accordingly, Defendants have obtained a high degree of success.

An award of attorneys' fees would similarly promote the purposes of the Copyright Act. Courts have found that "a successful defense furthers the purposes of the Copyright Act just as much as a successful infringement suit." *Inhale, Inc.*, 755 F.3d at 1043. Particularly on this record, given Plaintiff's insistence on arguing that his "great idea" was copyrightable, the Defendants' success promotes the purposes of the Copyright Act

- 4 -

because it reinforces the very tenants of the Act: an idea is not copyrightable subject matter. *Harper & Row Publishers, Inc. v. Nation Enterprises*, 471 U.S. 539, 547 (1985) (finding that no author may copyright facts or ideas); *Satava v. Lowry*, 323 F.3d 805, 810 (9th Cir. 2003) (noting that the Copyright Act denied artists the exclusive rights to ideas and standard elements in their works); *Corbello v. Valli*, 974 F.3d 965, 973 (9th Cir. 2020). Given Defendants' success in this litigation, coupled with the furtherance of the purposes of the Copyright Act, the Court finds that this factor weights in favor of awarding attorneys' fees.

### ii.    Motivation

Defendants next argue that Plaintiff's claims were motivated by an improper purpose. (Doc. 192 at 5.) Specifically, Defendants allege that Plaintiff's conduct in this lawsuit was motivated by the desire to extract a large and unjustified payout. (*Id.*) Plaintiff, however, contends that his motivation was simply to obtain compensation for a "great idea." (Doc. 198 at 5–6.) Plaintiff also argues that his copyright claims withstood pretrial attacks and that he did not seek to delay proceedings or unreasonably increase costs. (*Id.*)

Courts have found that where "plaintiff's motivation for filing suit was not a good faith belief in the merits of its claim, but an attempt to coerce Defendants to pay money to settle," the factor weighs in favor of awarding fees. *Shame On You Prods., Inc. v. Banks*, No. CV1403512MMMJCX, 2016 WL 5929245, at *9–10 (C.D. Cal. Aug. 15, 2016), *aff'd*, 893 F.3d 661 (9th Cir. 2018). At the settlement conference in this matter, both parties were informed that it was highly likely that the Defendants would prevail on summary judgment or at trial. (Doc. 192 at 2.) Plaintiff and his counsel disagreed with this assessment and demanded that Defendants pay him $2,959,858. (*Id.*) Plaintiff rejected the Defendants' settlement offer of $20,000 and did not make a counteroffer. (*Id.*) At trial, however, Plaintiff's counsel asked the jury for a damages award of $500,000. (*Id.*) *See Ingram v. Oroudjian*, 647 F.3d 925, 927 (9th Cir. 2011); *see also Lewis v. Activision Blizzard, Inc.*, No. C 12–1096 CW, 2014 WL 4953770, at *3 (N.D. Cal., Sept. 25, 2014) (finding improper motive when plaintiff pursued an unreasonable copyright claim and made an

unreasonable demand of $1.2 million to settle the claim). While it is plausible that Plaintiff simply sought compensation for the alleged copyright infringement, it is also plausible that he was motivated by the possibility of a large settlement. Accordingly, the Court finds that this factor is neutral.

### iii.   Frivolousness and Objective Reasonableness

Defendant next argues that Plaintiff's claims were frivolous and not objectively reasonable because Plaintiff "made no colorable argument at trial that any website owned and operated by the Defendants was similar to his copyrighted website." (Doc. 192 at 3.) Defendant claims that Plaintiff chose to focus his time at trial proving he had a "great idea" rather than the attempting to show the alleged copying of protected elements of any copyrighted work. (*Id.*) In contrast, Plaintiff argues that his copyright claims were objectively reasonable because this Court found that Plaintiff's copyrighted materials contained obvious similarities to those developed by Defendants. (Doc. 198 at 4.)

A relevant factor in determining whether attorneys' fees are warranted is "whether the positions advanced by the party against whom fees are sought were frivolous." *Shame On You Prods.*, 2016 WL 5929245, at *6 (citing *Columbia Pictures Television Inc. v. Krypton Rd. of Birmingham, Inc.*, 259 F.3d 1186, 1197 (9th Cir. 2001)). Courts have noted, however, that frivolousness is not a prerequisite to an award of attorneys' fees. *Fogerty*, 94 F.3d at 558. A claim is frivolous where "it lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In contrast, a claim is objectively unreasonable if a Plaintiff should have known from the outset of the case that the chance of success in the case was slim. *SOFA Entm't, Inc. v. Dodger Prods., Inc.*, 709 F.3d 1273, 1280 (9th Cir. 2013).

Here, while Plaintiff's claims were not frivolous, they were objectively unreasonable. This Court denied Defendants' Motion for Summary Judgment with regard to Plaintiff's copyright claim. (Doc. 145.) In doing so, the Court was required to apply a two-part test to determine whether Defendants' work was "substantially similar to the plaintiff's copyrighted work." *Id.* (citing *Cavalier v. Random House, Inc.*, 297 F.3d 815,

822 (9th Cir. 2002)). First, the "extrinsic test" compares the "objective similarities of specific expressive elements in the two works." *Id.* The second prong, the "intrinsic test," "test[s] for similarity of expression from the standpoint of the ordinary reasonable observer, with no expert assistance." *Id.* (quoting *Jada Toys, Inc. v. Mattel, Inc.*, 518 F.3d 628, 637 (9th Cir. 2008)). A district court "applies only the extrinsic test on a motion for summary judgment, as the intrinsic test is reserved exclusively for the trier of fact." *Williams v. Gaye*, 895 F.3d 1106, 1119 (9th Cir. 2018).

In assessing the extrinsic test, the Court found that Plaintiff's copyrighted materials contained similarities to those developed by Defendants. (*Id.* at 14.) Because there was an issue of material fact as to the similarities between Defendants' work and Plaintiff's copyrighted materials, the claim survived summary judgment and was reserved for the Jury to decide. (Doc. 145, Doc. 182.) Because the claim did not lack an arguable basis in either fact or law, the Court finds that it was not frivolous.

The Court finds, however, that Plaintiff's claims were objectively unreasonable. Defendants argue that Plaintiff "produced no evidence that any of the Defendants utilized any idea, business plan, curricula, images, sales strategy or educational training concept that he created." (Doc. 124 at 6–7.) This argument is persuasive. Plaintiff's briefs and evidence produced at trial consistently stressed the notion that Defendants copied Plaintiff's "great idea." (Doc. 1, Doc. 198.) Plaintiff produced minimal evidence at trial demonstrating any similarities between Plaintiff's copyrighted materials and those developed by Defendants. Instead, Plaintiff's argument rested entirely on the premise that Plaintiff's "great idea" had been taken by Defendants. By choosing to focus on his idea and not the protected elements of his copyrighted work, Plaintiff should have known from the outset of the case that the chance of success in the case was slim. *SOFA Entm't, Inc*, 709 F.3d at 1280. It is Hornbook law that ideas are not copyrightable subject matter. 17 U.S.C.A. § 102(a). This factor, to which the Court attaches "substantial weight," weighs in favor of a fee award. *Kirtsaeng v. John Wiley & Sons, Inc.*, 136 S.Ct. 1979, 1981–1982 (2016).

#### iv.     Considerations of Compensation and Deterrence

Defendants claim that awarding fees will encourage creators to continue producing original works "without fear of having to defend against baseless claims." (Doc. 192 at 5.) Defendants believe such an award is necessary to show Plaintiff, and others, that they cannot pursue meritless claims against deep-pocketed defendants. (*Id.*) On the other hand, Plaintiff claims that "no purpose of the Copyright Act is served by penalizing Plaintiff for seeking public credit and compensation." (*Id.*)

Courts must be "faithful to the purposes of the Copyright Act" in awarding attorneys' fees under 17 U.S.C. § 505 and must consider that each party generally bears its own attorneys' fees. *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 533–34 (1994). The Court finds that an award of fees here would further the purposes of the Copyright Act. Copyright protection is designed "to promote the creation and publication of free expression." *Eldred v. Ashcroft*, 537 U.S. 186, 219 (2003). Awarding fees to Defendants in this case may protect creators from defending against baseless claims. An award of attorneys' fees will similarly deter others from seeking copyright protection of ideas, which are plainly unprotectable under copyright law. *Fogerty*, 510 U.S. at 1029 (noting that awarding attorneys' fees encourages litigation of meritorious claims of copyright infringement).

#### v.     Balancing the Factors

Having considered all of the factors, an award of attorneys' fees and costs is appropriate. Defendants are entitled to an award of attorneys' fees and costs because of their success on the merits of the litigation and because Plaintiff's claims were objectively unreasonable.

### B.     Lodestar Determination

Having determined an award of attorneys' fees appropriate, the Court will now determine the reasonable hourly rate and number of hours reasonably expended to determine the fee award. Defendants request attorneys' fees and costs in the amount of $156,474.19. (Doc. 192 at 1.) Plaintiff argues that this fee amount is unreasonable and excessive. (Doc. 198 at 7.)

1    The Court has significant discretion in determining whether an award of attorneys'
2    fees is reasonable. *Hensley*, 461 U.S. at 437. In evaluating a request for attorneys' fees, the
3    Court shall provide a concise but clear explanation of its reasons for a fee award. *Id.* at 437.
4    The Court, however, is not required to set forth an hour-by-hour analysis of the fee request.
5    *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1203 (9th Cir. 2013) (citing *Gates v.*
6    *Deukmejian*, 987 F.2d 1392, 1399 (9th Cir. 1992)); *see also Chalmers v. Los Angeles*, 796
7    F.2d 1205, 1211 n.3 (9th Cir. 1986) (finding a brief explanation of how the court arrived
8    at its figures sufficient). The reasonableness of a requested fee award is generally analyzed
9    under the lodestar approach, which is calculated by multiplying the number of hours
10   reasonably expended by a reasonable hourly rate. *Camacho*, 523 F.3d at 978; *Intel Corp.*,
11   6 F.3d at 622. In a motion for attorneys' fees, the party petitioning for attorneys' fees bears
12   the burden of establishing entitlement to an award by submitting detailed time records
13   justifying the hours expended. *Hensley*, 461 U.S. at 437.

14                    **i.    Related Claims**

15          As a preliminary matter, Defendants are entitled to attorneys' fees with regard to all
16   claims brought during this litigation. Under the Copyright Act, courts can award fees not
17   only based on defense of a copyright infringement claim, but also fees incurred to defend
18   other claims based on the same allegations. *Ent. Rsch. Grp., Inc. v. Genesis Creative Grp.,*
19   *Inc.*, 122 F.3d 1211, 1230 (9th Cir. 1997) (holding that a party is entitled to recover fees as
20   a prevailing party on a copyright claim as well as "any related claims."). The Court is
21   persuaded by Defendants' argument that all five claims brought by Plaintiff were
22   "inextricably tied to his copyright claim." (Doc. 192 at 8.) Plaintiff's claims of breach of
23   an implied-in-fact contract, money had and received, copyright infringement, declaratory
24   relief, and accounting all arose out of the claim that Plaintiff had not been compensated for
25   his "great idea." (Doc. 1, Doc. 192.) Accordingly, Defendants may recover fees based on
26   the defense of all five of Plaintiff's claims brought during this litigation.

27                    **ii.   Reasonable Hourly Rate**

28          The reasonableness of an hourly rate depends on "the rate prevailing in the

- 9 -

1  community for similar work performed by attorneys of comparable skill, experience, and

2  reputation." *Schwarz v. Sec'y of Health & Hum. Servs.*, 73 F.3d 895, 908 (9th Cir. 1995)

3  (quoting *Chalmers*, 769 F.2d at 1210–11). The relevant community for the purposes of

4  determining a reasonable hourly rate is the forum in which the district court sits. *Gonzalez*,

5  729 F.3d at 1205.

6        The Court has reviewed Defendants' Affidavit in support of their application for

7  attorneys' fees. (Doc. 192 at 14.) As articulated in Defendants' Affidavit, Mr. Schern billed

8  at a rate of $325 per hour, while Mr. Finter billed at a rate of $300 per hour. (*Id.*) Ms.

9  Bernzen, a paralegal assisting on the matter, billed at an hourly rate of $95. (*Id.*) The Court

10  finds that the requested hourly rates are reasonable based on the prevailing market rates.

11  *HTS, Inc. v. Boley*, 954 F. Supp. 2d 927, 961–962 (D. Ariz. 2013) (finding hourly rates

12  ranging from $325–$450 per hour reasonable for intellectual property attorneys in the

13  Phoenix area); *Edwards v. Vemma Nutrition*, No. CV-17-02133-PHX-DWL, 2019 WL

14  5684192, at *13 (D. Ariz. Nov. 1, 2019) (finding rates ranging from $215 to $350

15  reasonable). The Court similarly finds the requested hourly rate of $95 for Ms. Bernzen's

16  paralegal services reasonable. *Kaufman v. Warner Bros Entm't Inc.*, No. CV-16-02248-

17  PHX-JAT, 2019 WL 2084460, at *12–13 (D. Ariz. May 13, 2019) (finding hourly rates

18  ranging from $105–$240 per hour reasonable for paralegals).

19        **iii.**    **Number of Hours Reasonably Expended**

20        Having addressed the reasonableness of the hourly rates, the Court now determines

21  the reasonable number of compensable hours. *See Gonzalez*, 729 F.3d at 1201–03. To do

22  so, the Court must review the billing records submitted by Plaintiff's Counsel and "exclude

23  those hours for which it would be unreasonable to compensate." *Id.* After thoroughly

24  reviewing each time entry, the Court finds that a reduction in hours is warranted. The

25  itemized statement of fees provided by Defendants' Counsel includes several de minimis

26  time entries for clerical tasks and court communications. (*See, e.g.*, 6/3/21 time entry

27  "email discussion with the court's clerk regarding exhibits and technology

28  issues.") (Doc. 192 at 37.) Tasks that are clerical in nature are not recoverable as part of a

reasonable fee award. *Nadarajah v. Holder*, 569 F.3d 906, 921 (9th Cir. 2009) (concluding that clerical tasks like filing and document organization "should have been subsumed in firm overhead"); *Robinson v. Plourde*, 717 F. Supp. 2d 1092, 1099 (D. Haw. 2010) ("Tasks such as reviewing Court-generated notices, notifying clients of court hearings, filing documents with the Court, communication with court staff, scheduling, and corresponding regarding deadlines, are clerical and not compensable."). After a thorough review of the billing entries, the Court finds that Defendants did not deduct such clerical entries, instead including entries for scheduling, review of minute orders, and communications with Court staff. *Robinson*, 717 F. Supp. 2d at 1099 ("[C]lerical or ministerial costs are part of an attorney's overhead and are reflected in the charged hourly rate."). The Court has noted each clerical entry that was not deducted and thereby reduces the billed amount by 2.90 hours.

Defendants also included several block-billed time entries. The practice of block billing violates Rule 54.2(e) of the Local Rules of Civil Procedure. That rule provides that billing records must provide an "itemized account" of "[t]he time devoted to each individual unrelated task performed." LRCiv 54.2(e)(1)(B); *Moshir v. Automobili Lamborghini Am. LLC*, 927 F. Supp. 2d 789, 799 (D. Ariz. 2013) (noting that block-billing makes it "nearly impossible for the Court to determine the reasonableness of the hours spent on each task."). The Court has noted the entries that are problematic due to block billing and will reduce those time entries by 20% unless the entry is flawed for an additional reason, in which case a further reduction will be indicated. *See Lexington Ins. Co. v. Scott Homes Multifamily Inc.*, No. CV-12-02119, 2016 WL 5118316, at *18 (D. Ariz. Sept. 21, 2016) (reducing an award of attorneys' fees for hours billed on certain dates by 20% because the billing entry did not fully comport with the requirements of Local Rule 54.2(e)). The total amount of time reduced for a block-billing violation is 29.74 hours.

The Court also has discretion to reduce a fee award for duplicative, unnecessary, or excessive billing. *See Chalmers*, 796 F.2d at 1210. But Defendants' itemized statement does not contain duplicative or unnecessary bills. As such, the Court does not exercise its

discretion to reduce the fee award for these reasons.

Further, under Fed. R. Civ. P. 54(d)(1), "costs—other than attorney's fees—should be allowed to the prevailing party" unless "a federal statute, these rules, or a court order provides otherwise[.]" Defendants have submitted a satisfactory Bill of Costs to support its Motion. (Doc. 192 at 40–43.) Defendants are therefore entitled to reasonable fees and costs.

### iv.    Lodestar Figure

In sum, the hourly billing rates charged by Defendants' counsel and counsel's staff are reasonable. After the Court's discretionary deduction of hours not reasonably expended, 480.18 hours is a reasonable amount of time to spend on a case of this type, which was ongoing for almost three years. *See, e.g.*, *Lexington Ins. Co. v. Scott Homes Multifamily Inc.*, No. CV-12-02119, 2016 WL 5118316, at *18 (D. Ariz. Sept. 21, 2016) (concluding that the 2,891.70 hours that a defendant's counsel expended while litigating a case lasting more than three years was reasonable). Under the lodestar method, the Court multiplies the number of hours expended by the timekeeper's hourly rate:

| Timekeeper | Rate | Hours Expended | Total |
|---|---|---|---|
| MAS | $325 | 19.80 | $6,435.00 |
| AMF | $300 | 402.98 | $120,894.00 |
| JCS | $300 | 45.40 | $13,620.00 |
| AB | $95 | 12.00 | $1,140.00 |
| | | **Lodestar Figure** | $142,089.00 |

Accordingly, the Court will award Defendants' $142,089.00 in attorneys' fees and $3,204.19 in costs. The Court has itemized its reductions to Defendants' fee award in the spreadsheets attached as appendices to this Order. The Court also declines to award Defendants costs and fees associated with filing a reply in support of this Motion for Attorneys' Fees.

1

## IV.    CONCLUSION

2           Accordingly,

3           **IT IS ORDERED** that Defendants' Motion for Attorneys' Fees and Costs (Doc.

4    192) is **granted**.

5           **IT IS FURTHER ORDERED** Plaintiff shall pay $142,089.00 in attorneys' fees

6    and $3,204.19 in costs to Defendants within 30 days from the date of this order.

7           **IT IS FINALLY ORDERED** Defendants shall file a notice of satisfaction within

8    7 days of receipt of the full amount of attorneys' fees and costs contemplated by the order.

9           Dated this 18th day of November, 2021.

10

11

12                                     *Michael T. Liburdi*

13                                     Michael T. Liburdi
                                       United States District Judge

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28